(51 South. 688.)

(Nos. 17,807, 17,915–17,917.)

STATE v. LANASSA et al. (three cases).
SAME v. BARONI.

(Feb. 14, 1910.)

*(Syllabus by the Court.)*

JUVENILE COURTS—JURISDICTION—"CHILD."

Juvenile courts have no jurisdiction over minors, or of offenses against minors, over 17 years of age. A minor over the age of 17 years is not considered a child in the sense of section 9, Act 83 of 1908.

[Ed. Note.—For other cases, see Infants, Cent. Dig. § 18; Dec. Dig. § 18.*

For other definitions, see Words and Phrases, vol. 2, pp. 1115–1141; vol. 8, p. 7601.]

Appeal from Juvenile Court, Parish of Orleans; Andrew H. Wilson, Judge.

Antonio Lanassa and others were convicted of unlawfully selling intoxicating liquors, and appeal. Reversed, and defendants discharged, without prejudice.

Henriques & Dunn, for appellants. St. Clair Adams, Dist. Atty., and Warren Doyle, Asst. Dist. Atty., for the State.

LAND, J. The four above-numbered cases are based on affidavits charging the same kind of offenses, namely, unlawful sales of intoxicating liquors to minors aged 17 years. The pleadings, exceptions, and evidence are the same in all four cases.

Defendants were severally convicted and sentenced, and have appealed.

The first exception in logical order is the one to the jurisdiction of the court. On the trial it was proved, out of the mouth of the witnesses for the prosecution, that at the time the alleged unlawful sales were made the minors named in the affidavits were over 17 years of age.

Section 9 of Act 83 of 1908 vests in juvenile courts jurisdiction over neglected and delinquent children, and over all persons charged with contributing to the neglect and delinquency of such children, or with the violation of any law enacted for the protection of the physical, moral, and mental well-being of such children, not punishable by death or hard labor. The same section defines such children as those "17 years of age and under."

The trial judge ruled that his court had jurisdiction of minors over the age of 17 years and up to the age of 18 years. In other words, the judge held that juvenile courts have jurisdiction over all minors, and of offenses against them, as long as they are under the age of 18 years.

This ruling is clearly erroneous, as it is based on the predicate that a minor, having attained the age of 17 years, grows no older until he reaches the age of 18 years. The phrase "17 years and under," ex vi terminorum, fixes 17 as the maximum limit. The statute, in effect, defines the period of childhood as beginning with the day of birth and

terminating on the day the minor reaches the age of 17 years.

The division of minority into distinct periods is as old as the Roman law, under which infancy extended to the age of 7 years, childhood from 7 to 14, puberty from 14 to 18, and full puberty from 18 to 25. Bouvier, Law Dictionary, verbo "Age." It is obvious that, in such legislation, the different ages imply fixed dates, which cannot be changed without destroying the classification.

In the same manner the criminal law classifies children according to their presumed capacity to commit crime. Thus an infant under 7 is conclusively presumed to be doli incapax; and infants over 7 and under 14 are prima facie presumed to be doli incapax.

It is obvious that a day's difference in age may remove an infant from one class into another, or may totally destroy the presumption in his favor. For example:

"An infant of 14 years and over is presumed to be doli capax, and at common law was regarded as liable to capital punishment as much as a person of full age." Russell, Law of Crimes (7th Eng. Ed.) vol. 1, p. 60.

Being of opinion that the juvenile court has no jurisdiction of the offenses charged, it is ordered that the sentences in each of the four above-entitled cases be reversed, and that the defendants be discharged, and their bonds canceled, without prejudice, however, to the right of the state to prosecute the defendants, or any of them, before a tribunal of competent jurisdiction.