

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

*Au v- 954*

WILL WILSON
ATTORNEY GENERAL

May 12, 1961

Honorable A. W. Walker
County Attorney
Dickens County
Spur, Texas

Dear Mr. Walker:

Opinion No. WW-1056

Re: Construction of the compulsory
school attendance laws in re-
ference to children attaining
their sixteenth birthday after
a school term begins.

You have requested an opinion of this Department relating to the
compulsory attendance in school of a child who has reached his sixteenth
year after the school term has begun, as contemplated by Article 297,
V.P.C. and Article 2892 V.C.S.

In your letter requesting an opinion, dated March 16, 1961, you
have stated the specific question which reads as follows:

"Do the compulsory school attendance laws of this state
apply to a child and his parents after such child has reach-
ed his sixteenth birthday and when such child has not com-
pleted the work of the ninth grade and when such child's six-
teenth birthday came after the opening of the school term in
the School District where he resides and before the end of
such school term?"

Article 297, V.P.C., (and its counter part Article 2892 V.C.S.) is
quoted as follows:

"Every child in the State who is seven (7) years and <u>not
more than sixteen (16) years of age</u> shall be required to
attend the public schools in the district of its residence,
or in some other district to which it may be transferred as
provided by law, for a period of not less than one hundred
and twenty (120) days annually. The period of compulsory
school attendance at each school shall begin at the opening
of the school term unless otherwise authorized by the district
school trustees and notice given by the trustees prior to the
beginning of such school term; provided, that no child shall
be required to attend school for a longer period than the
maximum term of the public school in the district where such
child resides. Acts 1915, p. 94; Acts 1923, p. 255; Acts 1935,
44th Leg., p. 409, ch. 160, § 1; Acts 1939, 46th Leg., p. 227,
§ 1. " (Emphasis added)

The history of Article 297, V.P.C., is traced through Acts 1915, page 94, in which both the penal and civil provisions were combined as one; Acts 1923, page 225, the penal code was separated from the civil statute and in 1925 under the Revised Civil Statutes the Legislature recodified the compulsory school laws and adopted Article 297 of the Penal Code and Article 2892 of the Civil Statute. Subsequent amendments to Article 297, V.P.C., by Acts of 1935 and 1939 are of no consequence here.

It is the legal duty of parents to require their children of seven (7) years of age and under sixteen (16) years of age to attend school. Article 297, V.P.C., Article 299, V.P.C.

Apparently we are called upon to interpret the meaning of Article 297 V.P.C. and to this provision we must look to determine the intention of the Legislature in its clear and unambigious definition of which children shall come under the compulsory attendance provision. The language of the statute is susceptible of no interpretation except that it shall apply to a child seven (7) years and older and not more than sixteen (16) years of age.

39 Tex. Jur. 275, Statutes, Sec. 146, provides as follows:

"It is a common law rule that penal statutes are strictly construed against the state or prosecution and in favor of the accused. But this rule has been modified or relaxed in Texas by the provision of the Penal Code which directs that every law upon the subject of crime be construed 'according to the plain import of the language in which it is written'. Under this provision, a penal statute will not be construed so strictly as to defeat the legislative intention, when that intention is plainly manifest or is fairly deducible from the language of the act. In construing such a statute, the Supreme Court has said that 'the proper course is to search out and to follow the true intent of the Legislature, and to adopt that sense which harmonizes best with the context, and promotes, in the fullest manner, the apparent policy and objects of the Legislature.'

"Nevertheless, the rule of strict construction still obtains, both in civil and criminal cases, in the sense that a statute of a penal nature will not be extended by construction beyond the necessities of the case or the plain import of its terms. Thus it is settled by numerous decisions that a statute imposing a penalty must be strictly construed, and that one who seeks to recover a penalty must bring himself clearly within the terms of the statute. The more severe the penalty, and the more disastrous the consequences to the persons subjected to the provisions of the statute, the more rigid will be the construction."

Article 7 of the Penal Code provides:

"This code and every other law upon the subject of crime
which may be enacted shall be construed according to the
plain import of the language in which it is written, with-
out regard to the distinction usually made between the con-
struction of penal laws and laws upon other subjects; and
no person shall be punished for an offense which is not made
penal by the plain import of the words of a law." (Emphasis
added)

From an examination of the cases directly in point we find very few
in Texas that can be relied upon as authority. The only case we have found
which directly deals with this question is that of Butler v. State, 194 S.W.
166, (Tex. Crim. 1917). The facts before that court related to the com-
pulsory attendance of a child that had reached the age of fourteen (14)
years before the school term started. (Fourteen [14] years was the maximum
age at the time of this decision). The court seemed to base its reversal
in its conclusion on the fact that the child was more then fourteen (14)
years of age the instant after its fourteenth birthday and the court cites
many authorities to support its position. However, in the conclusion the
opinion of the court left the impression that its decision might have been
based, at least in part, on the fact that the child became fourteen before
the beginning of the school term. The court used this language:

"In our opinion, under the facts of this case, appellant's
son having attained the age of 14 years before the compulsory
term began, the law compelling the attendance of children
under 14 years of age was not applicable to him..."

Another case following is Cotterly v. Muirhead, 244 S.W.2d 920 (Civ.
App. Error Ref. n.r.e. 1951) which is not in point on the question before
us but simply states that it is the legal duty of parents to require their
children 16 years of age or under to attend school as provided in Article
297 V.P.C.

Since we do not find decisions in our Texas Courts which might simpli-
fy our construction of the meaning of the article we therefore must turn to
decisions of the courts of other states. One case of particular interest
and in point is the case of Gingerich v. State, 93 N.E.2d 180 (1950). The
Indiana Supreme Court cited the rule which is similarly established in Texas,
that "penal statutes are to be strictly construed, and may not be extended
by intent..."

In the syllabus of the Gingerich case, supra, it is said:

"Under compulsory school attendance statute providing that

as used in act word "child" shall mean and include every child in state between ages of seven and fifteen years 'inclusive', quoted word means years between seventh and fifteenth years, and includes seventh anniversary of a child's birth and fifteenth anniversary of his birth and does not include period between child's fifteenth and sixteenth year.  Burns' Ann. St. §§ 28-505b, 28-505f."

Further the Indiana Court stated as follows:

"This court has held that it is fundamental that penal statutes are to be strictly construed, and may not be extended by intent.  Loftus v. State, 1944, 222 Ind. 139, 52 N.E.2d 488; Caudill v. State, 1946, 224 Ind. 531, 69 N.E. 2d 549.  And, as said in Manners v. State, 1936, 210 Ind. 648, 654, 5 N.E.2d 300, 303: 'It is fundamental that penal statutes are to be strictly construed; that a statute in derogation of a common right and highly penal in character is only to be applied to cases clearly within its provisions;  that penalties may not be created by construction, but must be avoided by construction, unless they are brought within the letter and the necessary meaning of the act creating the penalty.  This requires that where there is ambiguity it must be resolved against the penalty, and only those cases brought within the statute that are clearly within its meaning and intention.'"

The decisions are uniform throughout the cases reviewed in holding that "a child when born is in its first year and at the end of that year is one year old, so when he arrives at his fourteenth anniversary and is then in his fifteenth year he is over 14 years of age....The statute is not ambigious in designating the age limit between 7 and 15 years." Gingerich v. State, supra.

The Court of Criminal Appeals of Texas in the Butler case, supra, quoted from a Colorado Supreme Court opinion in Gibson v. People, 99 Pac. 333 (1909).  The act here reviewed was one relating to delinquent children but the court held that the opinion was in point on the question before it. In this decision the court goes at length to distinguish between a child 16 years of age or over and 16 years of age and under and concluded in this paragraph the following:

"...The alleged delinquent juvenile being sixteen years and four months old at the time defendant is said to have contributed to his delinquency was 'sixteen years and older, not sixteen years or under,' hence was not a juvenile delinquent person within the meaning of the statute."

Cited in the Butler case was that of <u>Rogers v. McCraw</u>, 61 Mo. App. 407, construing a statute giving the privilege of attendance between six and 20 years and holding that one over 20 years of age and under 21 was excluded.

The Supreme Court of Louisiana in <u>State v. Lanassa</u>, 125 La. 687, 51 So. 688 (1910), in construing a statute in which children are defined as persons "17 years of age and under" held:

"It is obvious <u>that a days difference in age may remove</u> an infant from one class into another." (Emphasis added)

In the <u>Butler</u> case, supra, the court stated "in the case of <u>Arrendell v. State</u>, 131 S.W. 1096 (Civ. App. 1910), reviewing the juvenile statute, which provided exemptions from certain kinds of punishment to a person less than 16 years of age, held that one who at the time of the trial has passed the sixteenth birthday was not entitled to the benefit of the statute...".

In <u>Munger v. State</u>, 122 S.W. 875 (Tex. Crim. 1909) it was held that one who had passed his 16 birthday at the time the offense was committed would not come within the terms of the statute, as the defendant, although less than 17 years of age, was more than 16.

In the <u>Gingerich</u> case, supra, the Supreme Court of Indiana stated:

"In deciding the question here presented, desirability as to legislation is not a question or problem that this court can decide. We cannot sustain or set aside a measure purely because it is desirable or undesirable. This problem is for the Legislature. The 1949 Legislature of our State presumably intended some change by the new act, since it changed the compulsory school age of children from the ages of seven to sixteen years to seven to fifteen years, inclusive."

With the above to assist us in arriving at the intent of the Legislature, we have determined that a child who has passed his sixteenth birthday is not subject to the compulsory school attendance law of the State of Texas. Article 297, V.P.C. Article 297 of itself leads to the conclusion that compulsory attendance is not required of a child after his sixteenth birthday. We do not think that the compulsory attendance law after the term has commenced has anything to do with a child who is more than sixteen years of age and we do not think that the provisions of Article 298, V.P.C. relating to "exempt from attendance" can supersede or remove or enlarge upon the clear unambigious provision of Article 297, V.P.C. Therefore, it is our opinion that as applied to the instant case, under the circumstances outlined by you, a child who has attained his sixteenth birthday does not come within the compulsory school law.

## S U M M A R Y

The compulsory school attendance law with reference to a child who is seven years and not more than sixteen years of age does not apply to a child who has attained his sixteenth birthday, irrespective of whether he reaches the age of sixteen during a school term or prior to the beginning of the school term.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Harris Toler
Harris Toler
Assistant Attorney General

HT/br

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Elmer McVey
Jack Goodman

REVIEWED FOR THE ATTORNEY GENERAL
BY: Morgan Nesbitt