David SAGE, Movant–Appellant,

v.

**STATE of Missouri, Respondent–Respondent.**

**No. 22007.**

Missouri Court of Appeals, Southern District, Division One.

Oct. 14, 1998.

Tara L. Jensen, Asst. Appellate Defender, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Kevin F. Hennessey, Asst. Atty. Gen., for Respondent.

PREWITT, Presiding Judge.

Following jury trial, Movant was convicted of two counts of statutory sodomy in the first degree. Thereafter, he filed a motion for postconviction relief under Rule 29.15. After an evidentiary hearing, the motion was denied. Movant appeals. Review of a ruling on a Rule 29.15 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Rule 29.15(k).

■ Movant asserts that the trial court clearly erred in denying his motion, "in that counsel [for Movant at trial] never made Mr. Sage aware of the conflict of interest between the prosecutor and the guardian ad litem before counsel purported to 'waive' the conflict." The assistant prosecuting attorney and the guardian ad litem who represented the alleged victims, the Movant's children, in juvenile court proceedings, were partners in the same law firm. Movant contends that he was unaware of this "conflict" until after he was convicted and was in the Department of Corrections, "and that a clerk there on his appeal said, 'Did you know that there was a conflict and what that was about?'" Movant asserts this was the first time he knew anything about this conflict and therefore he did not waive it.

The judge who ruled on Defendant's motion also presided over the criminal trial. In denying the motion, the judge made the following finding of fact, regarding the alleged conflict:

The Court invited any objection to be voiced by the trial counsel or the movant. The trial counsel stated in movant's presence the following: "Judge, I don't see any conflict of interest or any problems from the defendant's point of view. I discussed the matter with Mr. Sage and he concurs." The court, however, did not stop there. In the presence of the Movant Mr. Rouse [assistant prosecuting attorney] was interrogated by the court. The trial counsel was given an opportunity to interrogate Mr. Rouse. After this was complete the trial counsel was again asked by the court if he was objecting to Mr. Rouse proceeding as a representative of the State. He again stated that he had no objection. The Movant was present during this entire presentation and voiced no objection at any point.

The trial court determined that even if a conflict of interest did exist, which the court did not believe, there was no evidence establishing how Movant was prejudiced. The record of the criminal matter bears out the trial court's findings and conclusions.

■ Movant's assertion of how he learned of the conflict is suspect at best, and the trial court did not have to believe him. Credibility of witnesses is the responsibility of the motion court in a postconviction relief matter. *State v. Skelton*, 887 S.W.2d 699, 707 (Mo.App.1994). The trial judge is free to disbelieve testimony, even where uncontradicted. *Id*. In addition, Movant failed to show, as he is required to do, that he was prejudiced by the claimed conflict. *See Myers v. State*, 941 S.W.2d 889 (Mo.App. 1997).

The judgment is affirmed.

CROW and PARRISH, JJ., concur.