Albert R. BRANSON, Movant–
Appellant,

v.

STATE of Missouri, Respondent–
Respondent.

No. 25869.

Missouri Court of Appeals,
Southern District,
Division One.

Aug. 30, 2004.

Motion for Rehearing and Transfer to
Supreme Court Denied Sept. 21, 2004.

Application for Transfer Denied
Oct. 26, 2004.

Craig A. Johnston, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Shaun J. Mackelprang, Asst. Atty. Gen., Jefferson City, for respondent.

NANCY STEFFEN RAHMEYER, Judge.

Albert R. Branson ("Appellant") seeks relief from the denial of his Rule 24.035[1] motion; he claims his trial counsel was ineffective in failing to advise him that he had a statute of limitations defense to both of the original charges of forcible rape and the amended charges of incest. We affirm.

We review the motion court's decision to determine if the judgment is clearly erroneous. Rule 24.035(k); *Moss v. State*, 10 S.W.3d 508, 511 (Mo. banc 2000). A judgment will be found clearly erroneous if, upon review of the entire record, the appellate court is left with the definite and firm belief that a mistake has been made. *Id.* Because Appellant's convictions resulted from a guilty plea, claims of ineffective assistance of counsel are only relevant as they affect the voluntariness and understanding with which the plea was made. *Holland v. State*, 954 S.W.2d 660, 661 (Mo.App. E.D.1997). We should not reverse if the motion court reached the right result, even if it was for the wrong reason. *Walker v. State*, 34 S.W.3d 297, 301 n. 5 (Mo.App. S.D.2000). Furthermore, because the statute of limitations is nonjurisdictional and can be waived, a voluntary guilty plea waives the statute of limitations defense. *Longhibler v. State*, 832 S.W.2d 908, 911 (Mo. banc 1992).

On May 9, 2002, Appellant was charged by two separate informations with two counts of forcible rape, a class A felony, in violation of Section 566.030, RSMo Cum. Supp.1992,[2] both charges stemming from

---

1. All rule references are to Supreme Court Rules (2003), unless otherwise stated.

2. 1. A person commits the crime of forcible rape if he has sexual intercourse with another person without that person's consent by the use of forcible compulsion.

2. Forcible rape or an attempt to commit forcible rape as described in subsection 1 of this section or rape as described in subsec-

events which occurred in June 1993. The maximum penalty on each charge was life in prison. Pursuant to a plea agreement, on May 30, 2002, the State amended the information to charge Appellant with two counts of incest in violation of Section 568.020, RSMo 1986.[3] During his guilty plea proceeding, Appellant stated he knew what offenses he was charged with, the range of punishment for his offenses, and his guilt of the offenses with the victim, his daughter. He represented to the court that he had enough time to discuss the two cases with his counsel, was satisfied with her representation, and had no questions about the charges. He also stated he understood the recommendation of the State to be two consecutive five-year sentences on the amended charges. The court found a factual basis for the guilty pleas, accepted the pleas and found

them to be made voluntarily, intelligently and understandingly; it then sentenced Appellant in accordance with the State's recommendations to two consecutive terms of imprisonment of five years each for a total of ten years.

■ Appellant's sole argument on appeal is that he was misinformed on the correct statute of limitations for the initial charges and he would not have pled guilty to the lesser charges had he known the correct statute of limitations. Therefore, to be successful in this appeal, Appellant must prevail on his argument that the statute of limitations for the original charges had run prior to the time of the charges. Due to changes in the statute of limitations on sexual offenses,[4] Appellant's ancillary argument is that any subsequent change in the statute of limitations was a

---

tion 3 of this section is a felony for which the authorized term of imprisonment, including both prison and conditional terms, is life imprisonment or a term of years not less than five years, unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which cases forcible rape or an attempt to commit forcible rape is a class A felony.

3. A person commits the crime of rape if he has sexual intercourse with another person to whom he is not married who is less than fourteen years old.

Section 566.030 RSMo Cum.Supp.1992 has since been amended.

3. 1. A person commits the crime of incest if he marries or purports to marry or engages in sexual intercourse or deviate sexual intercourse with a person he knows to be, without regard to legitimacy:

(1) His ancestor or descendant by blood or adoption; or

(2) His stepchild, while the marriage creating that relationship exists; or

(3) His brother or sister of the whole or half-blood; or

(4) His uncle, aunt, nephew or niece of the whole blood.

2. For purposes of this section:

(1) **"Sexual intercourse"** means any penetration, however slight, of the female sex organ by the male sex organ;

(2) **"Deviate sexual intercourse"** means any act of sexual gratification between persons not lawfully married to one another, involving the genitals of one person and the mouth, tongue or anus of another.

3. Incest is a class D felony.

Section 568.020 RSMo 1986.

4. Section 556.037, RSMo Cum.Supp.1992 states:

The provisions of section 556.036, to the contrary notwithstanding, prosecutions for unlawful sexual offenses involving a person seventeen years of age or under must be commenced within ten years after commission of the offense.

This section was amended in 1997 to read as follows:

The provisions of section 556.036, to the contrary notwithstanding, prosecutions for unlawful sexual offenses involving a person *eighteen years of age or under must be commenced within ten years after the victim reaches the age of eighteen.* (emphasis added).

violation of the *ex post facto* provisions of the Missouri and U.S. Constitutions.

The victim was born in 1975; at the time of the charged offense, the victim was seventeen years old. Appellant argues Section 556.037, with the ten-year statute of limitations, does not apply to the charges of forcible rape in this case because the victim was not "seventeen years of age or under"; rather, Appellant argues that Section 556.036.2(1),[5] with a three-year statute of limitations, applies because forcible rape was not a class A felony or murder.[6] Under Appellant's analysis, in June of 1996, the appropriate three-year statute of limitations for "other felonies" under Section 556.036 would have expired because the victim was not seventeen years of age or under in June of 1993. Only if the victim was seventeen years of age or under would the class A felony of Section 556.036.1 or the "unlawful sexual offense" of Section 556.037 statute of limitations apply.

The narrow issue then becomes whether the victim was seventeen years of age or under after the actual date of her seventeenth birthday. Under Appellant's analysis, for the entire year after her seventeenth birthday, the victim was over the age of seventeen. Appellant does not cite to any Missouri cases supporting the proposition that the victim was seventeen years of age only on her birthday, but rather cites to cases from Rhode Island, Iowa and Colorado to maintain his proposition. With due respect for our fellow state courts, we find that analysis to be strained.

Section 556.037, RSMo Cum.Supp.1992 uses the words "seventeen years of age or under." It is difficult for us to fathom that the legislature intended the word "seventeen" by itself to have no meaning. Had the legislature intended that victims be "under the age of seventeen," it could have done so.[7] We find support for our analysis in the fact that no Missouri court has interpreted any of the statutes regarding the sexual abuse of minors in the manner promoted by Appellant. For instance, the crime of sexual abuse in the second degree which was in effect at the time of the offenses entailed subjecting another person to sexual contact when the other person was twelve or thirteen years old. *See* Section 566.110 RSMo 1992. Using Appellant's argument, the legislature created a crime in Section 566.110, which could occur only on the person's actual birth date of twelve or thirteen years of age. The resulting effect would be that sexual abuse in the second degree could not occur the day after a person's twelfth birthday or up until the child's thirteenth birthday but could occur on the child's thirteenth birthday.[8] We cannot reach such a result on

---

**5.** Section 556.036, RSMo 1986 states, in pertinent part:

 1. A prosecution for murder or any class A felony may be commenced at any time.

 2. Except as otherwise provided in this section, prosecutions for other offenses must be commenced within the following periods of limitation:

 (1) For any felony, three years.

**6.** In March 2002, Section 556.036 was amended to include forcible rape in the provisions allowing a prosecution to commence at any time.

**7.** *See* Section 566.100 RSMo 1986 which described sexual abuse in the first degree as subjecting another person who is *less than twelve years old* to sexual contact. (Emphasis added.)

**8.** Likewise, see Section 566.040 RSMo 1986, which defined one claim of sexual assault in the first degree as having sexual intercourse with another person "who is fourteen or fifteen years old." Section 566.050 RSMo 1986 involves the crime of sexual assault in the second degree if, being seventeen years old or more, he has sexual intercourse with another person to whom he is not married, who is sixteen years old. Apparently, sexual assault on

the basis of what is claimed to be an imprecisely drafted criminal statute. Furthermore, we cannot find trial counsel ineffective for analyzing the appropriate statute of limitations consistent with previous Missouri cases involving similarly worded statutes.

 At the time of the initial charges, as a violation of Section 556.037, RSMo Cum.Supp.1992, the statute of limitations was ten years if the person was seventeen years of age or under. The victim was seventeen years of age. The initial charges were properly brought within ten years of the events.[9]

We find the motion court reached the correct result in that the statute of limitations for the crimes of forcible rape had not expired at the time of Appellant's plea for incest and, therefore, Appellant did not have ineffective assistance of counsel at the time of his pleas.[10] The denial of Appellant's Rule 24.035 motion is affirmed.

PREWITT, J., concurs and files concurring opinion.

GARRISON, P.J., dissents and files dissenting opinion.

JAMES K. PREWITT, Judge, concurring.

I fully concur with the principal opinion. I write only to expand my views.

The criminal statutes are to be clear so that people will understand when they might violate the law. It is a principle of law that we give statutes their plain meaning.

When reference is made to a person being "seventeen years of age," everyone that I know except a few highly-technical jurists would believe that it is someone who has had the seventeenth anniversary of their birth, but not the eighteenth anniversary of their birth.

Following a seventeenth birthday, if someone was told the person was seventeen years of age and four months, they would believe and write down on any form that I have ever seen, that the person was seventeen. Any other conclusion would be contrary to the plain understanding we give to age.

To conclude that having reached the age of seventeen years, the person grows older than seventeen until they are eighteen, as the dissent indicates, may be technically correct, but that does not mean that anyone other than those that might have read the cases on which the dissent relies and understands them, would believe that having sex with a person who has not reached her eighteenth birthday was no longer seventeen or under.

I agree with the dissent that criminal statutes must be construed against the state and in favor of the defendant, but

---

in the second degree could only have occurred on a person's sixteenth birthday.

**9.** As to Appellant's additional argument that he was not told by his attorney he had a possible defense based on the statute of limitations, we note his attorney testified at the evidentiary hearing she investigated whether there was a possible statute of limitations defense available to Appellant and concluded that the charges against him were of the nature that the ten-year statute of limitations was applicable. The credibility of the witnesses is the responsibility of the motion court

in a postconviction relief matter. *Sage v. State,* 978 S.W.2d 489, 490 (Mo.App. S.D.1998). The trial judge may believe or disbelieve all, part, or none of the testimony of any witness, and may disbelieve testimony even when uncontradicted. *In re Marriage of Gerhard,* 985 S.W.2d 927, 930 (Mo.App. S.D.1999). We defer to the determination of the trial court on issues of credibility. *Id.*

**10.** On this basis, we need not and do not address Appellant's claims regarding a violation of the *ex post facto* clauses of the United States and Missouri Constitutions.

that should not be contrary to the plain meaning that all of us give to "seventeen years of age."

PHILLIP R. GARRISON, Judge, dissenting.

I respectfully dissent. I believe that according to the plain language of Section 556.037 RSMo Cum.Supp.1992, the victim in this case did not meet the qualification of "a person seventeen years of age or under" inasmuch as she was seventeen years, nine months and twenty-two days on the date of the charged offense.

As indicated in the principal opinion, Section 556.036, RSMo 1986, provides that a prosecution for a class A felony may be commenced "at any time," and a prosecution for "any felony" must be commenced within three years. Section 556.037, RSMo Cum.Supp.1992, provides, however, that notwithstanding the provisions of Section 556.036, RSMo 1986, prosecutions for unlawful sexual offenses involving a person "seventeen years of age or under" must, if a felony, be commenced within ten years after commission of the offense. Thus, if the victim was at or below the age qualification of the statute, the prosecution here would have been timely.

I am convinced that the victim here was not a person "seventeen years of age or under" and, therefore, the ten-year statute of limitations of Section 556.037, RSMo Cum.Supp.1992, does not apply. Although I find no Missouri case on point, there are several state supreme court cases from other jurisdictions that I find persuasive. In *Gibson v. The People*, 44 Colo. 600, 99 P. 333, 334 (1908), the court interpreted a statute defining delinquent children as children "sixteen (16) years of age or under." *Id.* The state contended that the statute included children during their entire sixteenth year and up to their seventeenth birthday. *Id.* The court held that

in the true sense, a child is sixteen and over when it passes the first day of the sixteenth anniversary of its birth. *Id.* It said:

> [h]ad it been the intention to include children up to the time they reach their seventeenth birthday, the general assembly would naturally have said "children under seventeen years of age." But when only those "sixteen (16) years of age or under" were mentioned, "it obviously meant what it said, namely, children sixteen (16) years of age or under," not "sixteen years of age and over." ... "A child is sixteen years of age on the sixteenth anniversary of his birth, and thereafter is over sixteen years of age."

*Id.* at 334–335. Likewise, the Supreme Court of Iowa held in *Knott v. Rawlings*, 250 Iowa 892, 96 N.W.2d 900, 901 (Iowa 1959), that a statute prohibiting certain acts with a "child of the age of sixteen years, or under" meant that a person met that qualification only on and prior to his sixteenth birthday. It said that the statutory phrase must be construed to mean just what it says, "sixteen years and not sixteen years, six months and three days." *Id.* In explaining, the court said:

> [t]o say that sixteen years and six months means the same as sixteen years is to play loosely with words which have a definite meaning. It has been suggested that when one is asked to state his age he gives only the age at the latest anniversary of his birth and does not add the additional months and days which a completely correct statement would require, and this is cited as indicating it is commonly accepted that one is sixteen until his seventeenth birthday anniversary. All such arguments are unsound. When the legislature wrote "sixteen years" into the statute it intended the words to be construed ac-

cording to their ordinary meaning. It is contended that when the legislature used the words "a child of the age of sixteen years, or under" it intended such words to mean "a child under seventeen years of age." That contention is answered by the fact that it chose words "sixteen years, or under" in preference to the words "under seventeen years" which it would have used had it intended what the State maintains it intended. *Id.*

The Supreme Court of Louisiana construed a statute defining children as persons "[seventeen] years of age and under" in *State v. Lanassa*, 125 La. 687, 51 So. 688 (1910). There, the court reversed a conviction and thereby rejected the contention that a person has met that criteria so long as they are under the age of eighteen years. *Id.* at 688–89. In holding that a person is no longer "[seventeen] years of age or under" after they reach the age of seventeen, the court said that a contrary conclusion would be based on the predicate that a minor, having attained the age of seventeen years, grows no older until he reaches the age of eighteen years. *Id.* at 688.

In *State v. Jordan*, 528 A.2d 731, 732 (R.I.1987), the Supreme Court of Rhode Island interpreted a statutory provision that a person is guilty of first degree sexual assault if he engages in sexual penetration with a person "thirteen (13) years of age or under." It held that a person thirteen years and ten months did not meet that definition, which it interpreted as meaning a person who had reached the day prior to their thirteenth birthday or were under that age. *Id.* at 733–34. Another Rhode Island supreme court case to the same effect is *State v. Collins*, 543 A.2d 641, 645–46 (R.I.1988) (*overruled* on other grounds) where the court held that under a criminal statute a person "thirteen

(13) years of age or under" does not include persons after the thirteenth anniversary of their birth. *Id.*

Similar decisions that support this result are *State v. McGaha*, 306 N.C. 699, 295 S.E.2d 449, 450 (1982) (child twelve years and eight months is not a "child of the age of [twelve] years or less"); *State v. Maxson*, 54 Ohio St.2d 190, 375 N.E.2d 781, 782 (1978) (a statute proscribing sexual conduct with a person known to be "not over fifteen years of age" means a person who has not passed his or her fifteenth birthday—they are over fifteen after that birthday).

To be sure, there are cases reaching somewhat contrary results. *See People v. Wilkins*, 22 A.D.2d 497, 257 N.Y.S.2d 288, 293–94 (N.Y.App.Div.1965) (statute referring to a child "over the age of ten years" means a person who has reached his eleventh birthday); *Phillips v. State*, 588 S.W.2d 378, 380 (Tex.Crim.App.1979) (statute protecting child "[fourteen] years of age or younger" includes in its scope a child fourteen years, one month—it protects children who have not attained their fifteenth birthday); *Hansen v. State*, 421 So.2d 504 (Fla.1982) (child who was eleven years three months was within statutory definition of "eleven years of age or younger"); *State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669, 674 (1986) (a statute proscribing sexual assault of a child "fourteen years of age or younger" protects a person whose age is less than fourteen years, and also a person who has reached and passed his or her fourteenth birthday, but has not yet reached his or her fifteenth birthday). I do not believe that the reasoning of these cases, however, is as persuasive as those cited above.

My conclusion is in keeping with the principle that criminal statutes must be construed strictly against the State and liberally in favor of the defendant. *State*

*v. Jones,* 899 S.W.2d 126, 127 (Mo.App. E.D.1995). "No person may be made subject to a criminal statute by guesswork or mere implication and a criminal statute may not be held to include offenses or persons other than those clearly described and provided for within both the spirit and letter of the statute." *Id.*

According to the concurring opinion filed in this case, everyone would agree with the majority opinion except "a few highly-technical jurists." Since I disagree with the majority opinion and agree with the supreme courts of several states, that characterization apparently applies to me as well. The concurring opinion argues that the theory of this dissent and the cases upon which it relies may be "technically correct," but is at variance with common understanding.

Statutory interpretation, however, can, by its nature, be somewhat technical. It is important to remember that statutes should be interpreted based on the plain and ordinary meaning of words used and not what courts would like for them to say. "Courts lack the authority to read into a statute a legislative intent that is contrary to the intent made evident by giving the language employed in the statute its plain and ordinary meaning." *Buttress v. Taylor,* 62 S.W.3d 672, 679 (Mo.App. W.D. 2001). Additionally, "[i]n interpreting a statute, we are required to give meaning to each word, clause, and section of the statute whenever possible." *Id.* "It is presumed the legislature intended that every word, clause, sentence and provision of a statute have effect; conversely, it will be presumed the legislature did not insert idle verbiage or superfluous language in a statute." *Lincoln County Stone Co., Inc. v. Koenig,* 21 S.W.3d 142, 146 (Mo.App. E.D.2000).

That being the case, I believe it is important to acknowledge that the legislature here used the words "seventeen *years of age* or under." Section 556.037, RSMo Cum.Supp.1992 (emphasis added). One of the definitions of "age" is "the length of time during which a being or thing has lived or existed: the length of life or existence from birth or beginning to the time spoken of or referred to." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY (1976). As pointed out by the authorities upon which I rely, a person has lived seventeen years of age when he or she reaches the seventeenth anniversary of their birth.

Applying the reasoning in *Gibson,* if it had been the legislature's intention in choosing the words "seventeen years of age or under" to include children up to the time they reach their eighteenth birthday, it would have used the words "under the age of eighteen years." 99 P. at 334. While it is common for people to express their age by referring to their last birthday, the court in *McGaha* characterized this "common practice" as based on the fiction that we grow older only at yearly intervals, rather than the fact that we grow older a day at a time. 295 S.E.2d at 450. Applying the reasoning of that case, after a person celebrates their seventeenth birthday, they are no longer "seventeen years of age or under," but instead are seventeen years of age or more.

Because I believe that here the victim was not "seventeen years of age or under" I would conclude that the ten-year statute of limitations contained in Section 556.037, RSMo Cum.Supp.1992, does not apply. That leaves the question, however, as to the possible applicability of the provision in Section 556.036.1, RSMo 1986, permitting prosecution for any class A felony "at any time."

As pointed out in the principal opinion, Appellant was originally charged with forcible rape pursuant to Section 566.030,

RSMo Cum.Supp.1992. The information alleged that he committed the class A felony of forcible rape, in violation of Section 566.030, RSMo, punishable under Section 566.030, RSMo. (five years to life imprisonment) in that defendant had sexual intercourse with another person by the use of forcible compulsion. Appellant contends, and I agree, that this did not effectively charge a class A felony. Under Section 566.030.2, RSMo Cum.Supp.1992, forcible rape was a "felony" for which the authorized term of imprisonment was five years to life. That same section provided that "unless in the course thereof the actor inflicts serious physical injury on any person, displays a deadly weapon or dangerous instrument in a threatening manner or subjects the victim to sexual intercourse or deviate sexual intercourse with more than one person, in which cases forcible rape or an attempt to commit forcible rape is a class A felony." Section 566.030.2, RSMo Cum.Supp.1992.

The information in this case said that it charged a "[c]lass A[f]elony" but it did not contain any factual allegations that would make it so. Thus, it did not allege that Appellant had inflicted serious physical injury on the victim, displayed a deadly weapon in a threatening manner or any of the other factual scenarios required for a class A felony under Section 566.030 in effect at that time. Also noted is the fact that the information referred to a range of punishment of five years to life, obviously referring to the "felony" of forcible rape, as compared to the available range of punishment for a class A felony of ten to thirty years, or life imprisonment as authorized by Section 558.011.1(1), RSMo Cum.Supp. 1992.

An indictment must contain all essential elements of the offense as set out in the statute and must clearly apprise the defendant of the facts constituting the offense.

State v. Gilmore, 650 S.W.2d 627, 628 (Mo. banc 1983). In Gilmore, a murder case, the court said that the charge failed to allege that the defendant acted "deliberately," that deliberation is the element which distinguishes capital murder from second degree murder, and that it was an essential element of capital murder. Id. at 629. If all elements of an offense are not alleged, they will not be supplied by intendment or implication. State v. Parkhurst, 845 S.W.2d 31, 33 (Mo. banc 1992).

Rule 23.01(b) provides, in pertinent part, that "[a]ll indictments or informations that are substantially consistent with the forms of indictments or informations that have been approved by this Court shall be deemed to comply with the requirements of this Rule 23.01(b)." MACH–CR 20.01 (1998) clearly provides for the allegation of the statutorily mandated facts in order to charge forcible rape as a class A felony. The Notes on Use to that form refer to the necessary factual allegations as "punishment enhancement provisions" and provide that if the state intends to invoke one or more of these punishment enhancement provisions, the appropriate factual allegations contained in Section 566.030.2 should be included in the charge.

Based on these considerations, I do not believe that Appellant was effectively charged with the class A felony of forcible rape. Accordingly, the provision in Section 556.036.1, RSMo 1986, permitting prosecution for that classification of felony "at any time" would not apply here. Since the victim was also not seventeen years of age or under so as to permit prosecution within ten years under Section 556.037, RSMo Cum.Supp.1992, I would be constrained to hold that the applicable statute of limitations was the three-year statute for "any felony" under Section 556.036.2(1), RSMo 1986. Since that stat-

ute had expired when the complaint was filed in this case, I believe Appellant had a real statute of limitations defense to the original charge that, had he been advised of it, could have realistically affected his decision to enter a plea on a plea bargain. Since I believe that is the case here, I would hold that the plea was not voluntary or with understanding of his rights. I would grant relief under the motion.