

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| JEROME CURRY, | ) | ED100403 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| v. | ) | 12SL-CC02814 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Tom W. DePriest, Jr. |
| | ) | |
| Respondent. | ) | Filed: August 19, 2014 |

## Introduction

Jerome Curry (Movant) appeals from the motion court's judgment denying his motion for post-conviction relief under Rule 29.15[1] (Rule 29.15 Motion) without an evidentiary hearing. He argues his motion adequately alleged his trial counsel was ineffective for failing to request that the trial court instruct the jury on the lesser-included offense of robbery in the second degree. We affirm.

## Background

Movant was charged as an accomplice with robbery in the first degree, attempted robbery in the first degree, armed criminal action, and resisting arrest. These charges arose out of an incident occurring on September 21, 2008. Movant was driving a car he owned, and he had two male passengers. Movant pulled the car up to a curb where two

---

[1] All rule references are to Mo. R. Crim. P. (2014), unless otherwise indicated.

men (the victims) were standing, and Movant asked them for directions. One of the men bent down to talk with Movant and gave him directions. Movant drove away, but then he turned the car around and drove back to the victims. The two passengers got out of Movant's car, each of them holding guns. They pointed their guns at the victims and felt through the victims' pockets, taking a wallet from one victim. The passengers then got back into Movant's car, and Movant drove away. Movant was later identified as the driver of the car by the victim who had initially given Movant directions.

The jury convicted Movant of all counts, and the trial court sentenced Movant to concurrent sentences totaling twelve years' imprisonment. This Court affirmed his convictions and sentences on appeal. State v. Curry, 364 S.W.3d 756 (Mo. App. E.D. 2012).

Movant timely filed his Rule 29.15 Motion, which contained several allegations of ineffective assistance of trial counsel. Among them, Movant alleged that his trial counsel was ineffective for failing to request an instruction for the lesser-included offense of robbery in the second degree, arguing that as the driver of the vehicle, the jury could have found that Movant had no knowledge that the passengers of his car had guns or would use them to commit the robbery and attempted robbery. The motion court denied Movant's motion without an evidentiary hearing, finding that there was no legal basis for an instruction on second-degree robbery in the record and that any request for such an instruction would have been denied. The motion court also found that Movant's motion regarding this claim pled conclusions, not facts, and failed to show how Movant was prejudiced. This appeal follows.

2

## Standard of Review

Our review of the motion court's denial of a motion for post-conviction relief is "limited to the determination of whether the findings of fact and conclusions of law are clearly erroneous." Hickey v. State, 328 S.W.3d 225, 227 (Mo. App. E.D. 2010). Findings and conclusions are clearly erroneous "only if, after a review of the entire record, the reviewing court is left with a definite and firm impression that a mistake has been made." Id. We affirm the motion court's judgment if it reached the right result, even if for the wrong reason. Branson v. State, 145 S.W.3d 57, 58 (Mo. App. S.D. 2004).

## Discussion

Movant's sole point on appeal is that the motion court clearly erred in denying his Rule 29.15 Motion without an evidentiary hearing because his motion sufficiently alleged facts that, if true, would entitle him to relief on his claim that his trial counsel was ineffective for failing to request an instruction on the lesser-included offense of robbery in the second degree. We disagree.

On a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence first, that counsel's performance was deficient, and second, that the movant was prejudiced thereby. Strickland v. Washington, 466 U.S. 668, 687 (1984). "[T]here is a strong presumption that counsel's conduct was reasonable and effective." Gill v. State, 300 S.W.3d 225, 232 (Mo. banc 2009).

Additionally, a motion court is not required to grant an evidentiary hearing regarding a post-conviction claim of ineffective assistance of counsel unless: (1) the movant pleads facts, not conclusions, which, if true, would entitle the movant to relief; (2) the facts alleged are not refuted by the record; and (3) the matter complained of

3

resulted in prejudice to the movant. Dorsey v. State, 115 S.W.3d 842, 844-45 (Mo. banc 2003). Regarding a trial counsel's failure to request jury instructions, a movant must plead facts showing "that the decision not to request the instruction was not reasonable trial strategy." McNeal v. State, 412 S.W.3d 886, 889 (Mo. banc 2013) (quoting Hendrix v. State, 369 S.W.3d 93, 100 (Mo. App. W.D. 2012)).

Here, Movant failed to allege facts in his Rule 29.15 Motion that would entitle him to relief. Specifically, Movant makes no claim that his trial counsel unreasonably refused to request the second-degree robbery instruction or inadvertently failed to consider that course of action. Cf. McNeal, 412 S.W.3d at 889-90 (where movant claimed counsel's failure to request instruction was not justified by any "strategy or reason, other than inadvertence," and allegation was not refuted by record, movant was entitled to evidentiary hearing). Movant alleges no facts to rebut the presumption that counsel's conduct was reasonable; rather, he merely concludes that his counsel's failure to request the instruction prejudiced him.

Moreover, the record reveals that Movant's counsel's choice not to request the instruction itself was consistent with the defense strategy at trial. Movant's counsel pursued a defense of misidentification, arguing that Movant was not present or driving his car in the commission of the robbery because Movant's car had been stolen the night before the robbery took place. Thus, if counsel had requested an instruction allowing the jury to find Movant was present but was unaware the passengers in his car had guns, that would have undermined the theory of the defense. See Thompson, --- S.W.3d ---, 2014 WL 1202940, *7 (quoting McKee v. State, 336 S.W.3d 151, 154 (Mo. App. E.D. 2011)) (counsel has no duty to request instruction that would undermine defense theory).

4

Choosing not to request an instruction regarding a lesser-included defense can also be "a tactical decision usually based on the belief—often a reasonable one—that the jury may convict of the lesser offense, if submitted, rather than render a not guilty verdict on the higher offense if the lesser is not submitted." Hendrix, 369 S.W.3d at 100 (quoting Oplinger v. State, 350 S.W.3d 474, 477 (Mo. App. S.D. 2011)). Movant has not alleged his counsel's reason for failing to request an instruction for second-degree robbery was not based on some reasonable trial strategy such as the foregoing, and thus we must presume that counsel's conduct was reasonable. Gill, 300 S.W.3d at 232.

Because Movant failed to allege facts rebutting this presumption, his motion does not adequately allege facts entitling him to relief. Thus, regardless of the motion court's reasoning, it did not clearly err in denying Movant's Rule 29.15 Motion without an evidentiary hearing. Branson, 145 S.W.3d at 58. Point denied.

### Conclusion

We affirm the judgment of the motion court.

Gary M. Gaertner, Jr., Judge

Kurt S. Odenwald, P.J., concurs.
Robert G. Dowd, Jr., J., concurs.

5