

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | | |
|---|---|---|
| DANIEL C. HARMON, | ) | No. ED108133 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Steven R. Ohmer |
| | ) | |
| Respondent/Respondent. | ) | Filed: April 14, 2020 |

## Introduction

Daniel C. Harmon (Appellant) appeals from the motion court's judgment denying his

Rule 24.035[1] motion for post-conviction relief. Because Appellant absconded from probation for

nearly two years, we use our discretion to invoke the escape rule and dismiss Points I and II.

Finding the motion court did not clearly in denying Point III, we affirm.

## Factual and Procedural Background

The State of Missouri (State) charged Appellant in January 2013 with class B felony

stealing. At his March 2014 plea hearing, Appellant pleaded guilty, admitting that while

employed by a company that contracted with AT&T, he stole cellular phones, tablets, and other

accessories with a retail value of approximately $106,000. Appellant was advised before

pleading guilty that the range of punishment for class B felony stealing was five to fifteen years

---

[1] Rule references are to Mo. R. Crim. P. (2019) unless otherwise indicated.

in the Missouri Department of Corrections (DOC).  The trial court deferred sentencing at Appellant's request to allow time to investigate the amount of restitution Appellant would owe.

Appellant was sentenced in May 2014.  The prosecutor recommended a five-year sentence, but stated that if the court were going to grant probation, the parties had agreed to restitution of $25,000, payable at $425 per month over five years.  Appellant requested the court suspend imposition of sentence and place him on probation. The trial court indicated it was willing to suspend imposition of sentence, but stated that if Appellant was not successful on probation, the court could sentence him to fifteen years.  Appellant stated he understood.  The trial court sentenced Appellant to five years in the DOC, suspended imposition of sentence, and placed Appellant on five years' probation.  Appellant was also ordered to pay restitution of $25,000, payable at $425 per month, beginning in June 2014.  Noting Appellant was unemployed, the trial court told him that if he was not initially able to make the payments, then he needed to make whatever payments he could and the trial court would work with him.

In September 2014, the State filed a notice of probation violation based on non-payment of restitution.  The trial court suspended Appellant's probation and ordered a warrant.  In October 2014, the court quashed the warrant and set the case for a probation violation hearing in December 2014.  Defense counsel advised the court that Appellant would pay the past due restitution amount by the date of the hearing.  In December 2014, the court continued the case to the probation revocation docket in February 2015, "for status of restitution," and Appellant signed the continuance order.  However, Appellant failed to appear, so the trial court suspended Appellant's probation and issued another warrant.  On March 4, 2015, Appellant requested a bond reduction, and on March 6, the court set his bond at $750.  On March 19, 2015, Appellant

requested another bond reduction, and on March 20, the court ordered Appellant be released on personal recognizance and probation remain suspended.

Appellant's probation revocation hearing was continued several times in early 2015 at his request. In May 2015, Appellant failed to appear, and the trial court ordered a warrant for the third time. More than a year later, Appellant was taken into custody. In June 2016, the trial court set a bond of $1,000 and set the case for August 2016. In July, Appellant posted the bond and promised to appear on August 5, 2016. On August 5, Appellant appeared and requested a continuance. The case was continued five additional times at the request of Appellant. In July 2017, Appellant failed to appear. The court ordered a fourth warrant. Approximately seven months later, Appellant was taken into custody and the court set the case for a probation violation hearing in April 2018.

On April 20, 2018, Appellant appeared, waived his right to a hearing and admitted he had violated his probation by failing to report. The court revoked Appellant's probation. The prosecutor stated he was "open to whatever [disposition] the Court wants to do." Appellant, represented by a different attorney (probation revocation counsel), asked the court to "keep him on some sort of probation." Appellant prayed for mercy, and asked the court "to give [him] one more chance." The court stated Appellant had "had more than [his] share" of "second chances." The court indicated Appellant's conduct had been "very disappointing" and observed, "No matter what opportunity you were given, it's never happened." The court continued:

> And, you know, I have no – no sympathy really at this point. Basically you've just thumbed your nose at this Court. And it's taken a lot of effort to get you back here in order to make this happen. And I just – my inclination, frankly, was to give you 15 years. But your attorney has worked very diligently on your behalf. I, you know, have given you some opportunity because of him and it's still not happening. We're still in the same boat we've been in for four years. So I just can not – I can't condone it. I can't see anything changing.

3

The court sentenced Appellant to five years' imprisonment.

On September 17, 2018, Appellant timely filed a *pro se* motion pursuant to Rule 24.035. On September 25, 2018, the court appointed counsel to represent Appellant. On November 27, 2018, the court granted a 30-day extension to file an amended motion. The transcript of the guilty plea and initial sentencing hearing (where no sentence was imposed) was filed on January 10, 2019. The transcript of the sentencing hearing (after probation was revoked) was filed on September 30, 2019. On April 8, 2019, Appellant timely filed an amended motion alleging (1) he was denied due process of law because his stealing offense was a misdemeanor under State v. Bazell, 497 S.W.3d 263 (Mo. 2016), and his five-year sentence exceeded the authorized punishment; (2) plea counsel was ineffective for failing to move to dismiss the felony charge and failing to advise Appellant that he was charged only with a misdemeanor; and (3) probation revocation counsel was ineffective for failing to argue the conviction should be amended to a misdemeanor and Appellant should be sentenced to no more than one year's incarceration.

On July 10, 2019, the motion court denied Appellant's post-conviction motion. Relying on this Court's opinion in Hamilton v. State, No. ED106540, 2019 WL 1339642 (Mo. App. Mar. 26, 2019), the court ruled Appellant's claims were substantively without merit. This appeal follows.

### Points Relied On

In his first point, Appellant claims he was denied due process of law because his stealing offense was a misdemeanor under State v. Bazell and his five-year sentence exceeded the authorized punishment. In his second point, Appellant claims plea counsel was ineffective for failing to move to dismiss the felony charge and failing to advise Appellant that he was charged only with a misdemeanor offense. In his third point, he claims probation revocation counsel was

4

ineffective for failing to argue the conviction should be amended to a misdemeanor and Appellant should be sentenced to no more than one year's incarceration.

## Discussion

Before we address the merits of Appellant's appeal, we address the State's argument that we apply the escape rule to this case.

> The escape rule is a judicially-created doctrine that operates to deny the right of appeal to a defendant who escapes justice. The escape rule applies to appeals on the merits as well as to motions for post-conviction relief under Rules 29.15 and 24.035. The escape rule can be invoked to dismiss post-conviction appeals regardless of whether the motion court reaches the merits of a movant's claim or dismisses the motion based on its application of the escape rule. The escape rule applies to errors that occur prior and up to the time of escape, but errors occurring after recapture remain appealable.

McNeil v. State, 514 S.W.3d 63, 65 (Mo. App. E.D. 2017), citing Nichols v. State, 131 S.W.3d 863, 865 (Mo. App. E.D. 2004). "Whether to dismiss an appeal for this reason is left to the sound discretion of the appellate tribunal." Stevens v. State, 306 S.W.3d 175, 177 (Mo. App. S.D. 2010), citing State v. Troupe, 891 S.W.2d 808, 811 (Mo. banc 1995).

Appellant's Points I and II on appeal both allege errors that were made at the time of his original plea and sentencing hearings in 2014. Therefore, our discretion to deny review of Appellant's appeal as the State requests must be limited to Points I and II.

"Dismissal of a defendant's appeal pursuant to the escape rule is warranted where a defendant's escape from justice results in a lengthy delay in their criminal case causing an 'adverse impact on the criminal justice system.'" McNeil, 514 S.W.3d at 65, quoting Troupe, 891 S.W.2d at 811.

> Barring the appeal of an escaping defendant has been justified on the following grounds: (1) the need for a court to have control over the defendant before deciding his or her appeal; (2) curtailing administrative problems caused by a defendant's long absence; (3) preventing prejudice to the State in the event the case is remanded for a new trial; (4) preventing a defendant from selectively

abiding by court decisions; (5) discouraging escape; (6) encouraging voluntary surrender; (7) preserving respect for the criminal justice system; and (8) promoting the dignified operation of the appellate courts.

Stevens, 306 S.W.3d at 177, citing Pradt v. State, 219 S.W.3d 858, 862 (Mo. App. S.D. 2007).

Here, more than one of these grounds was implicated by Appellant's escape while on probation.  First, because he absconded for well over a year, "deciding his appeal on the merits would tend to diminish respect for our appellate courts."  Id. (citing Pradt, 219 S.W.3d at 862).  Second, dismissing Appellant's appeal "pursuant to the escape rule would discourage escape, prevent selectively abiding by court's decisions, encourage voluntary surrender and preserve respect for the criminal justice system."  Id.  Third, because he absconded while on probation, Appellant showed ". . . contempt for the very system of justice that granted him probation in lieu of incarceration." Id., quoting Hicks v. State, 824 S.W.2d 132, 134 (Mo. App. S.D. 1992) (internal quotations omitted); see also Wartenbe v. State, 583 S.W.3d 115, 123 (Mo. App. E.D. 2019) ("This Court repeatedly has found that absconding after violating the terms of probation demonstrates the requisite contempt for the judicial process justifying dismissal of the absconder's claims under the escape rule.").

In short, Appellant showed he was unwilling to abide by the rules of the legal system, and he flouted the authority of the courts from which he now seeks post-conviction relief.  See id.  As the trial court observed, Appellant "thumbed [his] nose" at the court and required the expenditure of "a lot of effort to get [him] back" before the court.  As a result, we use our discretion to deny review of Appellant's Points I and II on appeal.

## Point III

Appellant claims the motion court clearly erred in denying his Rule 24.035 motion because he was denied his rights to effective assistance of counsel and due process of law in that

probation revocation counsel failed to advocate that Appellant's conviction should be amended to misdemeanor stealing and he should be sentenced to no more than one year's incarceration, in that the offense of which he was convicted was actually a misdemeanor, according to the Missouri Supreme Court in State v. Bazell. Appellant claims but for probation revocation counsel's failure to advocate, there is a reasonable probability the trial court would have reduced his felony stealing conviction to a misdemeanor, and would have sentenced him to no more than one year's incarceration.

"We review a denial of a post-conviction motion for whether the motion court's findings of fact and conclusions of law are clearly erroneous." Whittley v. State, 559 S.W.3d 401, 402–03 (Mo. App. E.D. 2018), citing Rule 24.035(k). "A judgment is clearly erroneous only if this Court is 'left with a definite and firm impression that a mistake has been made.'" Meiners v. State, 540 S.W.3d 832, 836 (Mo. banc 2018), quoting Mallow v. State, 439 S.W.3d 764, 768 (Mo. banc 2014). "We affirm the motion court's judgment if it reached the right result, even if for the wrong reason." Curry v. State, 438 S.W.3d 523, 524 (Mo. App. E.D. 2014), citing Branson v. State, 145 S.W.3d 57, 58 (Mo. App. S.D. 2004).

"A movant is entitled to an evidentiary hearing only where: (1) he pleads facts, not conclusions warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to him. Whittley, 559 S.W.3d at 403, citing Little v. State, 427 S.W.3d 846, 850 (Mo. App. E.D. 2014).

"On a claim of ineffective assistance of counsel, a movant must show by a preponderance of the evidence first, that counsel's performance was deficient, and second, that the movant was prejudiced thereby." Curry v. State, 438 S.W.3d 523, 525 (Mo. App. E.D. 2014), citing Strickland v. Washington, 466 U.S. 668, 687 (1984). "A movant must overcome the strong

presumption defense counsel's conduct was reasonable and effective." McIntosh v. State, 413 S.W.3d 320, 324 (Mo. banc 2013). "To overcome this presumption, a movant must identify 'specific acts or omissions of counsel that, in light of all the circumstances, fell outside the wide range of professional competent assistance.'" Id., quoting Zink v. State, 278 S.W.3d 170, 176 (Mo. banc 2009). "In evaluating an attorney's performance, this Court must 'eliminate the distorting effects of hindsight ... [and] evaluate the conduct from counsel's perspective at the time.'" Meiners, 540 S.W.3d at 836, quoting Strickland, 466 U.S. at 689.

Appellant's amended motion included only the following facts in regard to this point:

> After [Appellant] waived his right to a probation-violation hearing, his probation had been revoked, and the court was contemplating the sentencing disposition, counsel did not advocate for [Appellant's] felony-stealing conviction to be reduced to a misdemeanor, and [Appellant] sentenced to no more than one year's imprisonment, because of the Supreme Court's decision in State v. Bazell. The court sentenced [Appellant] to five years' imprisonment.

Appellant's claim that probation revocation counsel was ineffective required him to first overcome the presumption that probation revocation counsel was effective by identifying the acts or omissions outside of the range of professional competence. Here, Appellant claims the act that rendered his probation revocation counsel ineffective was his failure to advocate that Appellant's felony conviction should be amended to misdemeanor stealing. However, at the time of the hearing, the Missouri Supreme Court had decided State ex rel. Windeknecht v. Mesmer, 530 S.W.3d 500, 503 (Mo. banc 2017), which holds that defendants who "received a sentence that was authorized by a different interpretation of section 570.030 without objection … should not receive the benefit of retroactive application of this Court's decision in Bazell."

Here, Appellant pleaded guilty and was sentenced in 2015. When his probation was revoked, the court imposed the previously ordered sentence. Because Windeknecht held that defendants should not receive the benefit of retroactive application of Bazell and "counsel's

8

conduct is measured by the law in effect at the time, and we do not generally require counsel to anticipate changes in the law," <u>May v. State</u>, 558 S.W.3d 122, 125 (Mo. App. S.D. 2018), Appellant failed to allege facts in his amended motion entitling him to relief.  Point III is denied.

<u>Conclusion</u>

Appellant's Points I and II are dismissed. The motion court's judgment is affirmed as to Point III.

_Sherri B. Sullivan_

SHERRI B. SULLIVAN, J.

Mary K. Hoff, P.J., and
Angela T. Quigless, J., concur.