In the Matter of KENNETH A. KUCZKA, Respondent, v JOHN V. CLARK, as Commissioner of Erie County Department of Personnel, et al., Appellants. — Judgment unanimously reversed and petition dismissed, without costs. Memorandum: In this CPLR article 78 proceeding to compel the local civil service official to place petitioner-appellant's name on a civil service list as a candidate for the position of police officer, the Trial Justice has erroneously construed the age eligibility requirement imposed by section 58 (subd 1, par [a]) of the Civil Service Law. That paragraph reads in part that no person shall be eligible for appointment as a police officer unless "he is not less than twenty nor more than twenty-nine years of age". The Trial Justice construed the words "nor more than twenty-nine years of age" to mean that a candidate remains eligible for appointment until he reaches his thirtieth birthday. In making this interpretation, the Trial Justice failed to consider the language of the proviso contained in that paragraph and of a related section of the Military Law. The proviso reads: "provided, however, that the time spent on military duty or on terminal leave, not exceeding a total of six years, shall be subtracted from the age of any applicant who has passed his twenty-ninth birthday as provided in subdivision ten-a of section two hundred forty-three of the military law". (Civil Service Law, § 58, subd 1, par [a].) The subdivision of the Military Law referred to (Military Law, § 243, subd 10-a), states in part, "nor shall the actual age at appointment of police officers subject to section fifty-eight of the civil service law exceed thirty-five years." The language "nor more than twenty-nine years of age" as it appears in section 58 (subd 1, par [a]) of the Civil Service Law must be read together with the language of the proviso and of subdivision 10-a of section 243 of the Military Law and all parts of this statutory scheme must be harmonized (McKinney's Cons Laws of NY, Book 1, Statutes, §§ 97, 98). If we follow the interpretation of the Trial Justice that the words "nor more than twenty-nine years of age" (Civil Service Law, § 58, subd 1, par [a]) mean that a candidate remains eligible for appointment until he reaches his thirtieth birthday, then we must also interpret the words "nor shall the actual age * * * exceed thirty-five years" (Military Law, § 243, subd 10-a) to mean that a candidate, entitled to the maximum six years of military credit, becomes ineligible when he reaches his thirty-sixth birthday. Applying this interpretation to a candidate entitled to the maximum six years of military credit, we get the following illogical results. Upon reaching his thirtieth birthday, a candidate ordinarily becomes ineligible for appointment. However, after he passes his twenty-ninth birthday he may apply his military credit to extend his eligibility for a period of six years from his twenty-ninth birthday, making him eligible only until he reaches his thirty-fifth birthday; yet, under this interpretation, the Military Law cuts off his eligibility when he reaches his thirty-sixth birthday. The only logical way to carry out the statutory scheme intended by the Legislature is to interpret these interrelated provisions to mean that a candidate becomes ineligible for appointment when he reaches his twenty-ninth birthday, but if he is entitled the maximum six years of military credit, he may apply this credit to extend his period of eligibility by six years to the time he reaches his thirty-fifth birthday. Thus, under both the Civil Service Law and the Military Law, he becomes ineligible when he reaches his thirty-fifth birthday. In making this interpretation, we do

not distort the meaning of the words used by the Legislature; for a person who reaches his twenty-ninth birthday has already lived a full twenty-nine years and thereafter he may be said to be "more than twenty-nine years of age." Although not discussed in the opinions, support for this interpretation is found in the cases of *Matter of Spina v County of Chautauqua* (50 AD2d 178) and *Whitehair v Civil Serv. Comm. of Monroe County* (56 AD2d 711). In both cases an applicant for the position of police officer had been removed from a civil service list soon after he had attained his twenty-ninth birthday (as adjusted for military credit) and in both cases the court sustained that action. Since the petitioner had reached his twenty-ninth birthday, his name was properly removed from the eligible list, and we do not reach the question of the constitutionality of Erie County's residency requirement. (Appeal from judgment of Supreme Court, Erie County, Doyle, J. — art 78.) Present — Simons, J. P., Doerr, Denman, Boomer and Schnepp, JJ.