604 A.2d 98

IN THE MATTER OF WILLIAM L. BOYAN AND ISAAC G. McNATT, DEPARTMENT OF LABOR.

Argued January 7, 1992—Decided April 6, 1992.

*William Harla,* Assistant Attorney General, argued the cause for appellant, State of New Jersey, Salary Adjustment Committee (*Robert J. Del Tufo,* Attorney General of New Jersey; attorney; *Lewis A. Scheindlin* and *Michael S. Bokar,* Deputy Attorneys General, on the briefs).

*Charles J. Casale, Jr.,* argued the cause for respondents, William L. Boyan and Isaac G. McNatt.

PER CURIAM.

The dispositive issue concerns the determination of the intent of the Legislature for granting salary increases for workers' compensation judges. The relevant facts are uncontested. In brief, appellants, William L. Boyan and Isaac G. McNatt, claim that the Legislature intended that they are entitled to such increases in accordance with the salary steps contained in *N.J.S.A.* 34:15-49. Finding that appellants had not exhausted their administrative remedies, the Law Division transferred the matter to the Salary Adjustment Committee (SAC), which consists of the State Treasurer, the Commissioner of Personnel, and the Director of Budget and Accounting. During the years in question, 1987 and 1988, the Legislature authorized these officials to establish rules governing salary ranges and rates of pay. Accordingly, the SAC promulgated regulations establishing limits on raises for employees earning more than $50,000, a

class of employees that includes appellants. Both judges received raises consistent with SAC-approved salary increases. Challenging the limits on their raises, appellants appealed to the SAC, which found that appellants were subject to its salary rules and that they were not automatically entitled to salary increases under *N.J.S.A.* 34:15–49. The Appellate Division reversed, 246 *N.J.Super.* 300, 587 *A.*2d 640, and we granted the State's petition for certification, 126 *N.J.* 342, 598 *A.*2d 898 (1991). In the interim, the Legislature amended *N.J.S.A.* 34:15–49 to provide for salary increases for workers' compensation judges based on satisfactory annual evaluations, length of service, and stated percentages of the salaries of the judges of the Superior Court. *S.* 3182, *L.*1991, *c.* 513. Consequently, the issue of such increases has been resolved for the future. Concerning salary increases for 1987 and 1988, we conclude that the Appellate Division erred.

The 1988 Appropriations Act, in language substantially similar to that of the 1987 Act, provided:

> The State Treasurer, the Commissioner of Personnel, and the Director of the Division of Budget and Accounting shall establish rules and regulations governing salary ranges and rates of pay. The implementation of such rules and regulations shall be made effective at the beginning of the bi-weekly pay period nearest July 1, 1988 or thereafter as determined by such rules and regulations, with timely notification of such rules and regulations to the Joint Budget Oversight Committee or its successor. [*L.* 1988, *c.* 47, at 348.]

Accordingly, the SAC promulgated regulations governing the salaries of employees in the executive branch, including workers' compensation judges.

■■ Through the Appropriations Act, the Legislature may delegate to the SAC the power to promulgate regulations concerning the salary of certain of those employees. In this sense, the Appropriations Act, rather than *N.J.S.A.* 34:15–49, expresses the legislative intent for the affected employees. Contrary to the rulings of the Appellate Division, it is the Appropriations Act, not the SAC regulations, that supersede

*N.J.S.A.* 34:15–49. The regulations merely implement the Appropriations Act.

The judgment of the Appellate Division is reversed.

*For reversal* —Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*For affirmance* —None.