263 N.J. Super. 246 (1993)
622 A.2d 914
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ABDUL AZIZ SHABAZZ, (A.K.A. ALVIN HAYES), DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted March 9, 1993.
Decided March 26, 1993.
*248 Before Judges MICHELS, BAIME and WALLACE.
Zulima v. Farber, Public Defender, attorney for appellant (Matthew Astore, Deputy Public Defender II, of counsel and on the brief).
Robert J. Del Tufo, Attorney General, attorney for respondent (Richard W. Berg, Deputy Attorney General, of counsel and on the letter-brief).
BAIME, J.A.D.
This appeal requires us to construe N.J.S.A. 2C:35-6, which provides that an adult who employs a person "17 years of age or younger" in a drug distribution scheme is guilty of a second-degree crime. At issue is whether the phrase "17 years of age or younger" includes a juvenile who has attained the age of 17 but has not yet reached his 18th birthday. We hold that an adult who hires a juvenile less than 18 years of age to distribute drugs violates the statutory prohibition.
The salient facts are not in dispute. Defendant pleaded guilty to possession of cocaine (N.J.S.A. 2C:35-10a(1)) and employing a juvenile in a drug distribution scheme (N.J.S.A. 2C:35-6). As part of his factual basis for entering the plea, defendant acknowledged that he "used S.G.," a 17 year old juvenile, "as a lookout" while preparing to sell a large quantity of cocaine. Satisfied that defendant's decision not to contest the charges was voluntary and supported by the facts, the Law Division judge accepted the guilty plea. In accordance with the terms of the plea agreement and the provisions of N.J.S.A. *249 2C:35-12, defendant was sentenced to a custodial term of seven years with a four year parole disqualifier on the violation of N.J.S.A. 2C:35-6. A concurrent four year sentence was imposed on the simple possession count. The court directed that the sentences be served concurrently with terms previously imposed on convictions for other offenses. On motion of the prosecutor, the remaining charges were dismissed.[1]
Defendant did not appeal. Instead, he filed a petition for post-conviction relief in the Law Division, contending that his plea was not voluntary because it was predicated upon an erroneous interpretation of N.J.S.A. 2C:35-6. Specifically, defendant asserted that S.G., the juvenile he had hired as a lookout, was 17 years and some months old when the crime was committed. He contended that the statutory phrase "17 years of age or younger" was not intended to include within its purview individuals who passed their 17th birthday. So posited, defendant claimed that his plea was involuntary and unsupported by an adequate factual basis. Alternatively, defendant asserted that he was denied gap-time credit for time served under a prior custodial term pursuant to N.J.S.A. 2C:44-5b(2). The Law Division dismissed defendant's petition on the ground that both arguments could have been advanced in a direct appeal and were thus barred under R. 3:22-3. This appeal followed.

I.
Preliminarily, we address the State's argument that defendant was procedurally barred from challenging the validity of his plea and the sentence imposed because he did not file a direct appeal from his conviction. Among other things, R. 3:22-3 states that a petition for post-conviction relief is not a *250 "substitute for appeal." A petition "may not be filed while ... appellate review ... is available." Ibid. The rule has been applied with varying degrees of firmness. See, e.g., State v. Allen, 99 N.J. Super. 314, 239 A.2d 675 (Law Div. 1968). Several exceptions have emerged. In some cases, the nature of the defendant's claim requires development of facts which do not appear in the record. Post-conviction relief proceedings provide the appropriate vehicle for resolution of factual disputes in these instances. See, e.g., State v. Preciose, 129 N.J. 451, 460-61, 609 A.2d 1280 (1992); State v. Dixon, 125 N.J. 223, 262, 593 A.2d 266 (1991); State v. Savage, 120 N.J. 594, 609-12, 577 A.2d 455 (1990). In a slightly different context, arguments not raised in prior proceedings have been held to be cognizable by way of a post-conviction petition where "enforcement of the bar would result in fundamental injustice," R. 3:22-4(b), or where "denial of relief would be contrary" to the federal or state constitution, R. 3:22-4(c).
In this context, it is at least arguable that defendant's contention required further factual exposition with reference to S.G.'s age and respecting whether the plea was voluntary. Our Supreme Court has said, "failure to elicit a factual basis for [a] plea is not necessarily of constitutional dimension and thus does not render illegal a sentence imposed without such a basis." State v. Mitchell, 126 N.J. 565, 577, 601 A.2d 198 (1992). However, "[a] factual basis is constitutionally required ... when there are indicia ... that the defendant does not understand enough about the nature of the law as it applies to the facts of the case to make a truly `voluntary' decision on his own." Ibid.; see also State v. Barboza, 115 N.J. 415, 423, 558 A.2d 1303 (1989). As we understand it, that is the essence of defendant's present argument. He claims that he did not understand one of the key elements of the statutory prohibition and that the statement he gave in support of his plea did not factually establish his guilt.
*251 Although the procedural question is a close one, we are of the view that defendant should have his day in court notwithstanding his failure to file a direct appeal from his conviction. In reaching this conclusion, we recognize that our rules "serve significant goals," State v. Mitchell, 126 N.J. at 578, 601 A.2d 198, and that "liberality in procedure has limits," Morris M. Schnitzer, Civil Practice and Procedure, 5 Rutgers L.Rev. 295 (1950). Nevertheless, the substantive argument defendant raises directly affects his "guilt or innocence" under the statute. State v. Cerbo, 78 N.J. 595, 605, 397 A.2d 671 (1979). While we are sensitive to the concerns expressed by the Law Division in dismissing defendant's petition, we are satisfied that the interests of justice militate in favor of our consideration of the substantive issue raised.
In a similar vein, we treat defendant's argument pertaining to gap-time credits as raising a question of legality, as opposed to excessiveness, of his sentence. An illegal sentence may be corrected at any time. R. 3:22-12; see also State v. Levine, 253 N.J. Super. 149, 155, 601 A.2d 249 (App.Div. 1992); State v. Rhoda, 206 N.J. Super. 584, 593, 503 A.2d 364 (App.Div.), certif. denied, 105 N.J. 524, 523 A.2d 167 (1986); State v. Paladino, 203 N.J. Super. 537, 549, 497 A.2d 562 (App.Div. 1985); State v. Heisler, 192 N.J. Super. 586, 592, 471 A.2d 805 (App.Div. 1984). While we have found no reported opinion dealing with the precise issue, we are convinced that claims of gap-time credit pertain to the legality of the sentence imposed and may be raised in a petition for post-conviction relief.

II.
N.J.S.A. 2C:35-6 penalizes the act of employing a juvenile in a drug distribution scheme. The operative statutory language reads as follows:
Any person being at least 18 years of age who knowingly uses, solicits, directs, hires or employs a person 17 years of age or younger to violate N.J.S. 2C:35-4 or subsection a. of N.J.S. 2C:35-5, is guilty of a crime in the second degree. .. . [Emphasis added].
*252 Defendant contends that the statute is not applicable where the juvenile employed has passed his 17th birthday. In essence, defendant argues that once an individual celebrates his 17th birthday, he is over the age of 17 and his employment in a drug distribution scheme is not within the statutory proscription. We disagree.
While the statute is not a model of clarity, we read it as proscribing the employment of a juvenile under 18 years of age in a drug distribution scheme. In common parlance, a juvenile becomes 17 years of age upon reaching his 17th birthday, and remains 17 years of age until he reaches his 18th birthday. The simple and overriding fact is that most people state their ages in yearly intervals. Although such expressions are perhaps linguistically flawed, we doubt that the Legislature intended to depart from the common, everyday meaning of the words used and engage in a metaphysical analysis of the aging process. Instead, we believe that the Legislature, in drafting the statute, intended to "talk the way regular folks do." State v. Valentin, 105 N.J. 14, 23, 519 A.2d 322 (1987) (Clifford, J., dissenting).
We deem it significant that the phrase "a person 17 years of age or younger" is written in the disjunctive. The legislative intent was to protect children who are 17 years of age and those who are younger. Had the Legislature intended to protect only those children under 17 years of age, it would have been a simple matter to have so provided by use of the phrase "younger than" or "less than," rather than "17 years of age or younger." See, e.g., N.J.S.A. 2C:14-2.
Moreover, we are obliged to consider the statutory phrase in the context of the remaining portions of the section and in a manner which advances the legislative purpose. See Matter of Boyan, 246 N.J. Super. 300, 314, 587 A.2d 640 (App. Div. 1991), rev'd, 127 N.J. 266, 604 A.2d 98 (1992). If we were to construe N.J.S.A. 2C:35-6 as excluding juveniles after their 17th birthday, then the second paragraph of this statute which bars a mistake of age defense for persons "18 years of age or *253 older" would make no sense. Because of the importance of this paragraph, we quote it verbatim:
It shall be no defense to a prosecution under this section that the actor mistakenly believed that the person which the actor used, solicited, directed, hired or employed was 18 years of age or older, even if such mistaken belief was reasonable. [Emphasis added].
If defendant's interpretation of N.J.S.A. 2C:35-6 were correct, this provision would instead read "17 years of age or older" or "over 17 years of age," but it does not. Defendant's construction would create a conflict within the statute and nullify the language employed by the Legislature in the second paragraph. We are unwilling to accept this interpretation and render the statute fatally flawed. Instead, the two paragraphs should be read together, thereby eliminating any ambiguity and creating a clear line of demarcation.
Our construction of the statute best advances the legislative purpose. The legislative design was to protect all juveniles as a class from exploitation by adult drug traffickers. That this is so is best evidenced by the legislative findings contained in N.J.S.A. 2C:35-1.1c. In this section, the Legislature declared it to be the policy of this State to afford special protection to children from the "perils of drug trafficking" by ensuring that schools and adjacent areas are "kept free from drug distribution activities" and by "provid[ing] especially stern punishment" for those "who employ juveniles in a drug distribution scheme." Ibid. N.J.S.A. 2C:35-6 seeks to effectuate this policy by prescribing that any adult who uses children to facilitate the distribution of drugs is guilty of a second degree crime and is subject to a mandatory parole disqualifier regardless of the nature, quantity or purity of the drug involved. See Cannel, Criminal Code Annotated, Comment to N.J.S.A. 2C:35-6, at 588 (1992-1993). Because this offense focuses on the dangers posed by the insidious act of employing children in the distribution of drugs, a mistaken belief that the person employed was 18 years or older is no defense. Ibid.
The Legislature was thus particularly sensitive to the use of children as intermediaries between adult drug dealers and *254 juvenile users. This concern was one of long-standing. Predecessor statutes prohibited employment of children "under the age of 18 years" in illicit drug activities and subjected the offender to the potential of life imprisonment. See N.J.S.A. 2A:96-5; N.J.S.A. 2A:96-5.1. Were we to adopt defendant's argument, the class of protected juveniles would be narrowed significantly. Juveniles between their 17th and 18th birthdays would be eliminated from the protection accorded by the statute. Such an interpretation is at odds with the policies expressed in N.J.S.A. 2C:35-1.1c. Moreover, the implication that juveniles between their 17th and 18th birthday are legally capable of granting their permission to be illicitly employed by adults in drug trafficking defies common sense. Succinctly stated, we can think of no rational basis for the Legislature to exclude minors between their 17th and 18th birthdays from the special protection afforded by the statute. To exclude these juveniles from the statutory protection would severely undermine the legislative objective and would serve no useful purpose.
While the issue presented is one of first impression in New Jersey, the interpretation of similar statutory language has generated divergent results. Compare State v. Joshua, 307 Ark. 79, ___, 818 S.W.2d 249, 250 (1991), overruled in part, Kelly v. Kelly, 310 Ark. 244, ___, 835 S.W.2d 869, 871 (1992); C.W.P. v. State, 424 So.2d 200, 201 (Fl.Dist.Ct.App. 1983); State v. Hansen, 404 So.2d 199, 200 (Fl.Dist.Ct.App. 1981), aff'd, 421 So.2d 504 (Fla. 1982); State v. Carlson, 223 Neb. 874, 880, 394 N.W.2d 669, 674 (1986); People v. Wilkins, 22 A.D.2d 497, 502-03, 257 N.Y.S.2d 288, 294 (1965); State ex rel. Juv. Dept. v. White, 83 Or. App. 225, 227-28, 730 P.2d 1279, 1280 (1986); Phillips v. State, 753 S.W.2d 813, 814-15 (Tx.Ct.App. 1988); Phillips v. State, 588 S.W.2d 378, 380 (Tex. Crim. App. 1979), appeal dismissed, 466 U.S. 961, 100 S.Ct. 2933, 64 L.Ed.2d 819 (1980); with State v. Linn, 363 P.2d 361, 363 (Alaska 1961); Farrow v. State, 258 A.2d 276, 277 (De. 1969); Knott v. Rawlings, 250 Iowa 892, 897-98, 96 N.W.2d 900, 903 (1959); Cloyd v. *255 Commonwealth, 212 Ky. 178, 180-81, 278 S.W. 595, 597 (1925); State v. Lanassa, 125 La. 687, 51 So. 688 (1910); State v. McGaha, 306 N.C. 699, 700, 295 S.E.2d 449, 450 (1982); State v. Maxson, 54 Ohio St.2d 190, 190-91, 375 N.E.2d 781, 782 (1978); State v. Jordan, 528 A.2d 731, 734 (R.I. 1987). We need not tarry over these and similar decisions[2] because here we are not construing a bare statutory or contractual provision without extrinsic aid. As we pointed out earlier, the Legislature has expressed New Jersey's strong public policy of protecting juveniles from exploitation by drug traffickers in very clear terms. While we concede that the statutory phrase could have been stated with greater clarity, the legislative intent is plain. We are obliged to construe this paragraph harmoniously with other provisions and in a manner consonant with the legislative goal sought to be achieved. See N.J.S.A. 2C:1-2c. We hold that the statute incriminates the act of employing juveniles under the age of 18 in a drug distribution scheme. Defendant's factual statement in support of his plea clearly established his guilt of this offense.

III.
N.J.S.A. 2C:44-5b(2) entitles a defendant to credit for time served under a prior custodial term where the previous sentence *256 was imposed after he had committed the crime for which he is currently being sentenced. Defendant asserts that this statute is applicable because at the time sentence was imposed in this case he was being sentenced for offenses he had committed prior to the previous sentencing date.
Although we have reviewed the docket sheets and judgments of conviction, we find it impossible to unravel the exact chronology of events. The present record does not permit us to render an informed opinion on the question. Because this issue is cognizable on a petition for post-conviction relief, we hold that the Law Division judge erred by refusing to consider the question. The issue should be further developed and resolved by the Law Division.
Accordingly, the order denying defendant's petition for post-conviction relief is affirmed in part and reversed in part. The matter is remanded to the Law Division for a determination of gap-time credits under N.J.S.A. 2C:44-5b(2). We do not retain jurisdiction.
NOTES
[1] The dismissed charges included two counts of possession of cocaine with intent to distribute (N.J.S.A. 2C:35-5b), possession of cocaine (N.J.S.A. 2C:35-10a(1)), conspiracy (N.J.S.A. 2C:5-2) and resisting arrest (N.J.S.A. 2C:29-2).
[2] Age designations in a variety of other contexts have also received significant comment. See, e.g., New York Life Ins. Co. v. Federal Nat. Bank, etc., 143 F.2d 69 (10th Cir.1944) (interpreting an insurance policy); Allen v. Baird, 208 Ark. 975, 188 S.W.2d 505 (1945) (interpreting section of state Civil Service Act); Fallowfield v. State, 240 Ind. 543, 167 N.E.2d 44 (1960) (construing statute governing the Fireman's Pension Fund); Watkins v. Metropolitan Life Ins. Co., 156 Kan. 27, 131 P.2d 722 (1942) (construing insurance policies); Carolina Freight Carriers v. Keane, 311 Md. 335, 534 A.2d 1337 (1988) (interpreting Maryland's Wrongful Death Act); Lawson v. Ford Motor Co., 225 Neb. 725, 408 N.W.2d 256 (1987) (construing a statute of limitation); Kuczka v. Clark, 110 Misc.2d 273, 441 N.Y.S.2d 854 (1981), rev'd, 86 A.D.2d 980, 448 N.Y.S.2d 325, order aff'd, 58 N.Y.2d 738, 459 N.Y.S.2d 28, 445 N.E.2d 204 (1982) (interpreting a section of New York's Civil Service Law); Wilson v. Mid-Continent Life Ins. Co. of Oklahoma City, 159 Okl. 191, 14 P.2d 945 (1932) (construing an insurance policy).