215 P.3d 402

**Brian Patrick CICORIA, Petitioner,**

v.

**The Honorable David R. COLE, Judge of
the Superior Court of the State of Ari-
zona, in and for the County of Maricopa,
Respondent Judge, State of Arizona
Real Party in Interest.**

**No. 1 CA–SA 09–0153.**

Court of Appeals of Arizona,
Division 1, Department A.

Sept. 10, 2009.

Weingart Law Firm By Mark N. Weingart, Tempe, Attorneys for Petitioner.

Caron Close, Scottsdale City Prosecutor By Kenneth M. Flint, Scottsdale, Attorneys for Real Party in Interest.

## OPINION

DOWNIE, Judge.

¶ 1 In this special action proceeding, we hold that the superior court properly interpreted the 2007 version of Arizona Revised Statutes ("A.R.S.") § 28–1382(F), determining that petitioner must be sentenced to 180 days in jail based on a previous driving under the influence ("DUI") conviction within eighty-four months and a blood alcohol concentration that exceeded .20 within two hours of driving. We also observe that the failure to promptly file a special action petition in a

limited jurisdiction appeal is a basis for declining jurisdiction.

## FACTS AND PROCEDURAL BACKGROUND

¶ 2 Brian Patrick Cicoria was convicted in the Scottsdale City Court of DUI in violation of A.R.S. § 28–1381(A)(1) (Supp.2007); driving with a blood alcohol concentration ("BAC") of .08 or greater in violation of A.R.S. § 28–1381(A)(2) (Supp.2007); and extreme DUI in violation of A.R.S. § 28–1382(A) (Supp.2007). At the time of sentencing, petitioner was ordered, *inter alia,* to serve 180 days in jail pursuant to the then-existing version of A.R.S. § 28–1382(F).

¶ 3 Cicoria appealed to the Maricopa County Superior Court, which affirmed his conviction and sentence. Approximately four months later, Cicoria filed a special action petition in this court. He challenges the superior court's interpretation of the 2007 version of A.R.S. § 28–1382(F).

## DISCUSSION

### 1. Special Action Jurisdiction

¶ 4 The decision to accept or reject special action jurisdiction is highly discretionary. *Ariz. Legislative Council v. Howe,* 192 Ariz. 378, 382, 965 P.2d 770, 774 (1998). Because this proceeding originated in a municipal court, Cicoria has no right of appeal beyond the superior court. See A.R.S. § 22–375(B) ("Except as provided in this section, there shall be no appeal from the judgment of the superior court given in an action appealed from a justice of the peace or a police court."). Both petitioner and the State ask us to accept jurisdiction.

¶ 5 Although neither side has raised the issue, we are troubled by Cicoria's delay in seeking special action relief. The superior court filed its final order on March 27, 2009. Cicoria did not file his special action petition until July 14, 2009. There is no explanation for the almost four-month delay.

¶ 6 We recognize that neither Arizona's rules nor statutes set a specific deadline for filing special action petitions in the context of limited jurisdiction appeals. In criminal

cases that do not originate in limited jurisdiction courts (including misdemeanor DUI cases litigated in the superior court), a party must seek appellate review "within 20 days after the entry of judgment and sentence." Ariz. R.Crim. P. 31.3.

¶ 7 In *State v. Mahoney*, 25 Ariz.App. 217, 542 P.2d 410 (1975), this Court declined jurisdiction because the city attorney waited almost three times the normal appeal time (fifty-seven days) to file a special action petition in a DUI case, *even though* the appellate court believed the lower court had committed legal error. We stated:

> Petitioner has presented no reason or excuse for the delay in filing its special action petition. We believe that such showing [should] be a prerequisite [i]n a criminal case when special action relief is sought after expiration of the normal period for appeal. To allow otherwise would be in derogation of the spirit of the new Rules of Criminal Procedure. We hold, therefore, that when a criminal prosecution is dismissed, the 20–day period for taking an appeal will likewise apply unless circumstances justifying the delay are shown. In the event the requisite showing is made, the doctrine of laches may be available as a bar.

*Id.* at 219, 542 P.2d at 412.

■■■ ¶ 8 Although we agree with the observations in *Mahoney*, we are reluctant to set intractable deadlines for special action petitions in limited jurisdiction appeals, primarily because we lack rule-making authority. We do, however, deem it appropriate to consider the timeliness of a special action petition from a limited jurisdiction appeal in determining whether to accept jurisdiction. Without some explanation, a four-month delay in seeking special action relief would typically be unreasonable.[1]

¶ 9 Because the case law on this topic is relatively aged and Cicoria did not have the benefit of our views on the timeliness issue, we will not hold the tardiness of his petition against him. The petition presents an issue of statewide importance potentially affecting numerous DUI cases. *See Lind v. Superior Court (Maricopa)*, 191 Ariz. 233, 954 P.2d 1058 (App.1998). We therefore accept special action jurisdiction.

## 2. A.R.S. § 28–1382

¶ 10 Cicoria has a prior DUI conviction arising under A.R.S. § 28–1381(A)(2). The earlier offense occurred within eighty-four months of the current offense. In the instant case, Cicoria's blood was drawn within two hours of driving, and his BAC was .230. At the time of petitioner's sentencing, A.R.S. § 28–1382(F) provided:

> F. If within a period of eighty-four months a person is convicted of a second violation of this section or is convicted of a violation of this section and has previously been convicted of a violation of § 28–1381 or 28–1383 . . . the person:
>
> 1. Except as otherwise provided in this paragraph, [s]hall be sentenced to serve not less than one hundred twenty days in jail, sixty days of which shall be served consecutively, and is not eligible for probation or suspension of execution of sentence unless the entire sentence has been served. *A person who has an alcohol concentration of 0.20 or more shall be sentenced to serve not less than one hundred eighty days in jail*, ninety of which shall be served consecutively, and is not eligible for probation or suspension of execution

---

1. We are also concerned about possible gamesmanship in seeking to prolong appellate review, though we cast no aspersions on petitioner here. A notice of appeal filed in the limited jurisdiction court stays execution of sentence, including any jail time. If the superior court affirms the conviction and sentence, a defendant could further delay serving jail time by waiting until the eve of the new confinement orders before filing a special action petition and seeking a stay. We disapprove of such practices, which could substantially delay a properly imposed sentence, including the commencement of court-imposed rehabilitative terms (e.g., participation in alcohol screening and programming) and accountability measures (e.g., ignition interlock devices), potentially placing public safety at risk.

of sentence unless the entire sentence has been served.

[Emphasis added.]

¶ 11 According to Cicoria, because A.R.S. § 28–1382(F) did not specifically state that a BAC of .20 or more could be within two hours of driving, the State was required to prove that his BAC was at the requisite level *at the time of driving.* This would have required "relation back" evidence at sentencing, which was not presented. The State, on the other hand, argues that, reading A.R.S. § 28–1382 "holistically" as a unitary statute, it is clear the "within two hours of driving" reference in paragraph (A) also applies to the sentencing provisions of paragraph (F). Alternatively, the State contends that legislative history demonstrates the two-hour time frame was intended to apply to the sentencing enhancement provisions.

¶ 12 We review issues of statutory interpretation *de novo. State v. Barnett,* 209 Ariz. 352, 354, ¶ 7, 101 P.3d 646, 648 (App. 2004); *Maycock v. Asilomar Dev., Inc.,* 207 Ariz. 495, ¶ 14, 88 P.3d 565 (App.2004). In construing a statute, our goal is to fulfill the intent of the legislature that wrote it. *Zamora v. Reinstein,* 185 Ariz. 272, 915 P.2d 1227 (1996). We first consider the statute's language, as the best and most reliable index of the statute's meaning. *Id.* If a statute's language is clear and unambiguous, we apply it without resorting to other methods of statutory interpretation. *Hayes v. Cont'l Ins. Co.,* 178 Ariz. 264, 872 P.2d 668 (1994). Ambiguity exists in a statute if there is uncertainty about the meaning or interpretation of a statute's terms. *Id.*

¶ 13 The State persuasively argues that the 2007 version of A.R.S. § 28–1382(F), read in conjunction with other paragraphs of the same statute, unambiguously prescribed the same "within two hours of driving" time frame for sentencing purposes as set forth in paragraph (A). At the time of petitioner's sentencing, A.R.S. § 28–1382(A) read:

It is unlawful for a person to drive or be in actual physical control of a vehicle in this state if the person has an alcohol concentration of 0.15 or more within two hours of driving or being in actual physical control of the vehicle and the alcohol concentration

results from alcohol consumed either before or while driving or being in actual physical control of the vehicle.

¶ 14 The 2007 version of A.R.S. § 28–1382(F) specifically referenced violations of "this section," supporting the State's contention that one must read A.R.S. § 28–1382 as a whole versus interpreting its subparts in a relative vacuum. Where "statutes relate to the same subject or have the same general purpose ... they should be read in connection with, or should be construed together with other related statutes, as though they constituted one law." *State ex rel. Larson v. Farley,* 106 Ariz. 119, 122, 471 P.2d 731, 734 (1970); *see also State v. Seyrafi,* 201 Ariz. 147, 150, ¶ 13, 32 P.3d 430, 434 (App.2001) (courts construe statutory provisions in context with related provisions and in light of their placement in the statutory scheme); *State v. Proctor,* 196 Ariz. 557, 560–61, ¶¶ 11–12, 2 P.3d 647, 650–51 (App.1998) (reading statute as a unitary whole in order to determine the meaning of a specific paragraph).

¶ 15 Additionally, interpreting former paragraph (F) as Cicoria urges, requiring a BAC reading of .20 or higher at the time of driving, would read into the statute something that is found nowhere in our DUI statutes. Courts will not read into a statute something that is not within the manifest intent of the legislature as indicated by the statute itself, nor will the courts inflate, expand, stretch, or extend a statute to matters not falling within its express provisions. *City of Tempe v. Fleming,* 168 Ariz. 454, 457, 815 P.2d 1, 4 (App.1991).

¶ 16 Even if we assume, for the sake of argument, that the 2007 version of A.R.S. § 28–1382(F) was facially ambiguous, once we apply ordinary rules of statutory construction, any arguable ambiguity evaporates. In determining legislative intent, we consider the statute's context, its language, subject matter and historical background, its effects and consequences, and its spirit and purpose. *Hayes,* 178 Ariz. at 268, 872 P.2d at 672. We try to interpret statutes in a manner that furthers the perceived goals of the relevant body of legislation. *Id.* at 270, 872 P.2d at 674; *see also State v. Clary,* 196 Ariz.

610, 612, ¶ 9, 2 P.3d 1255, 1257 (App.2000) (courts consider the policy behind the law and the evil it was intended to remedy when interpreting statutes).

¶ 17 The undeniable legislative trend in Arizona has been to toughen DUI laws and impose harsher sanctions on those convicted of drinking and driving—especially at higher alcohol concentration levels. This progression is inconsistent with Cicoria's proposed reversion to the long-discarded requirement that the State present relation back evidence in DUI cases—especially absent a clear legislative statement to that effect.

¶ 18 Before mid-1990, proof of a defendant's BAC at the time of driving was an element of the offense. A.R.S. § 28–692(B) (1989) (requiring BAC reading of .10 or more "at the time of the alleged offense"); *Cacavas v. Bowen*, 168 Ariz. 114, 116, 811 P.2d 366, 368 (App.1991). The State was also required to relate back a defendant's BAC reading to the time of driving to admit the reading itself into evidence. *Desmond v. Superior Court (Maricopa)*, 161 Ariz. 522, 528, 779 P.2d 1261, 1267 (1989). In 1990, the legislature amended then-existing A.R.S. § 28–692(A)(2) to read "0.10 or more within two hours of driving or being in actual physical control of the vehicle" so that the burden of producing relation back evidence shifted from the State to the defendant as an affirmative defense. *Williams ex rel. Dixon v. Thude*, 180 Ariz. 531, 536 n. 2, 885 P.2d 1096, 1101 (App.1994), *citing* Laws 1990, Ch. 375, § 8; A.R.S. § 28–692(A)(2) and (B) (Supp. 1993). For almost a decade, our DUI statutes have included no reference to BAC at the time of driving.

 ¶ 19 The municipal court and the superior court properly considered 2008 amendments to A.R.S. § 28–1382 in determining the appropriate sentencing parameters for petitioner. The same legislature[2] that enacted enhanced minimum sentences for repeat DUI offenders with high BAC readings in 2007 amended A.R.S. § 28–1382 in 2008, making it clear that repeat offenders with BAC readings of .20 or more within two hours of driving must serve 180 days in jail.

*See* Senate Engrossed House Bill 2643, 48th Leg., 2d Reg. Sess., 2008, Laws 2007, ch. 219, § 2. Subsequent legislation that clarifies the statutory scheme is strongly indicative of the legislature's original intent. *Ariz. Bd. of Regents v. State ex rel. State of Ariz. Pub. Safety Ret. Fund Manager Admin.*, 160 Ariz. 150, 771 P.2d 880 (App.1989); *see State v. Sweet*, 143 Ariz. 266, 271, 693 P.2d 921, 926 (1985).

¶ 20 Finally, petitioner incorrectly argues that, under the rule of lenity, a court may not pursue interpretive aids if statutory language is ambiguous on its face, but must instead resolve the ambiguities in favor of the defense. The rule of lenity applies only if, after considering the plain language of the statute and employing recognized tools of statutory interpretation, the statute remains ambiguous. See *State v. Sanchez*, 209 Ariz. 66, 68, ¶ 6, 97 P.3d 891, 893 (App.2004) (if a statute is susceptible to more than one interpretation and resort to interpretive aids such as context, legislative history, and purpose does not resolve the ambiguity, the rule of lenity comes into play and dictates that any doubt should be resolved in favor of the defendant); *Taylor v. Cruikshank*, 214 Ariz. 40, 46, 148 P.3d 84, 90 (App.2006) (acknowledging that, though the statutory language at issue was ambiguous, the rule of lenity did not apply because the legislature's intent was not susceptible to more than one interpretation). It is only when the ambiguity persists after applying tenets of statutory construction that the rule of lenity is triggered, requiring the ambiguity to be resolved in favor of the defendant. As we have explained, no such lingering ambiguity exists here.

## CONCLUSION

¶ 21 For the foregoing reasons, we accept special action jurisdiction but deny relief.

CONCURRING: PETER B. SWANN, Presiding Judge, and JOHN C. GEMMILL, Judge.

---

**2.** The 2007 law applicable to Cicoria's case was enacted by the 48th Legislature, First Regular Session. The 2008 amendments were passed by the 48th Legislature, Second Regular Session.