228 P.3d 138

**STATE of Arizona, Appellant,**

v.

**Michelle MUNOZ, Appellee.**

**No. 1 CA–CR 09–0281.**

Court of Appeals of Arizona, Division 1, Department C.

April 1, 2010.

Andrew P. Thomas, Maricopa County Attorney By Andrea L. Kever, Deputy County Attorney, Phoenix, Attorneys for Appellant.

James J. Haas, Maricopa County Public Defender By Thomas Baird, Deputy Public Defender, Phoenix, Attorneys for Appellee.

## OPINION

BROWN, Judge.

¶ 1 In this appeal we are presented with a question of legislative intent as to the meaning of the phrase "fifteen years of age or under" pursuant to Arizona Revised Statutes ("A.R.S.") section 13–1204(A)(6) (Supp.2009).[1] For the following reasons, we hold that "fifteen years of age or under" includes children who have passed their fifteenth birthday but have not yet reached their sixteenth birthday.

## BACKGROUND

¶ 2 In March 2009, the State charged Michelle Munoz by direct complaint with aggravated assault, a class 6 felony, in violation of A.R.S. § 13–1204(A)(6).[2] The charge stemmed from an incident between Munoz and her niece, the victim, in which Munoz allegedly assaulted the victim by pulling her hair and striking her in the face and upper torso. On the date of the incident, Munoz was over eighteen years of age and the vic-

tim was three months beyond her fifteenth birthday.

¶ 3 Following the presentation of evidence at the preliminary hearing, counsel for Munoz argued that the victim did not fall within the protection of the aggravated assault statute relating to children who are fifteen years of age or under. Counsel asserted that the victim was "over" the age of fifteen because she was "age fifteen" only on the day of her fifteenth birthday. In response, the prosecutor briefly explained that a child who had passed his fifteenth birthday but had not yet turned sixteen, if questioned about his age, would state his age as fifteen. The superior court disagreed with the State's position, concluding that "fifteen years of age or under" meant fifteen years old was the cutoff, and that "[a]nything after that, [the victim is] no longer [fifteen][.]" The court therefore dismissed the complaint. The State timely appealed and we have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003), 13–4031 (2001) and –4032(1) (Supp.2009).

## DISCUSSION

¶ 4 The State asserts that the language of § 13–1204(A)(6) is clear and must be applied as written—to include victims who are under sixteen years of age. Munoz appears to agree with the State's position as to the statute's clarity, but she contends that it applies only to those children who are younger than fifteen or have just reached their fifteenth birthday. Munoz alternatively suggests that if the language of the statute is "open to interpretation," then the rule of lenity applies and the statute should be construed in her favor.

¶ 5 In interpreting statutes, our goal is to determine and give effect to the intent of the legislature. *State v. Garcia*, 219 Ariz. 104, 106, ¶ 6, 193 P.3d 798, 800 (App.2008). We apply "fundamental principles of statutory construction, the cornerstone of which is the rule that the best and most reliable index of

---

1. We cite the current version of applicable statutes because no revisions material to this decision have since occurred.

2. The statute provides in pertinent part as follows: "A person commits aggravated assault if the person commits assault as prescribed by [A.R.S.] § 13–1203 under any of the following circumstances ... 6. If the person is eighteen years of age or older and commits the assault on a *child who is fifteen years of age or under*." (Emphasis added.)

a statute's meaning is its language and, when the language is clear and unequivocal, it is determinative of the statute's construction." *State v. Hansen*, 215 Ariz. 287, 289, ¶ 7, 160 P.3d 166, 168 (2007) (citations omitted). We review the interpretation of statutes de novo. *Id.* at ¶ 6.

¶ 6 Contrary to the parties' assertions, the phrase "fifteen years of age or under" is not necessarily clear and unequivocal. This is evidenced, at least in part, by contrasting interpretations reached by a number of courts from other jurisdictions that have considered the meaning of similar statutory language.[3] Some courts have found that a clause specifying a particular age "or under" applies to the full year of the stated age. *See, e.g., State v. Carlson*, 223 Neb. 874, 394 N.W.2d 669, 674 (1986) (holding that the phrase "fourteen years of age or younger" includes children who have passed their fourteenth birthday but not yet reached their fifteenth birthday); *State v. Shabazz*, 263 N.J.Super. 246, 622 A.2d 914, 916 (App.Div. 1993) (construing the phrase "[seventeen] years of age or younger" to include a child "who has attained the age of [seventeen] but has not yet reached his [eighteenth] birthday"); *State v. Rusin*, 153 Vt. 36, 568 A.2d 403, 405 (1989) (interpreting rule of evidence, which referred to victims "ten years of age or under," as encompassing "the period of time between a child's tenth and eleventh birthdays"); *State ex rel. Morgan v. Trent*, 195 W.Va. 257, 465 S.E.2d 257, 264 (1995) (finding that reference to a child "who is eleven years old or less" includes a child who is younger than twelve); *Crain v. State*, 218 P.3d 934, 940 (Wyo.2009) (holding that sexual assault statute, which applied to victims thirteen through fifteen years of age, included victims who were one day or more past their fifteenth birthday).

¶ 7 Other courts have reached a contrary interpretation. *See, e.g., Gibson v. People*, 44 Colo. 600, 99 P. 333, 335 (1909) (finding that a juvenile who was sixteen years and four months old did not fall within the scope of the statute because he was not "sixteen years or under"); *Knott v. Rawlings*, 250 Iowa 892, 96 N.W.2d 900, 901 (Iowa 1959) (concluding that "a child of the age of sixteen years, or under" did not include a child sixteen years and six months old); *State v. Lanassa*, 125 La. 687, 51 So. 688, 688–89 (1910) (interpreting "[seventeen] years and under" to define "the period of childhood as beginning with the day of birth and terminating on the day the minor reaches the age of [seventeen] years"); *State v. McGaha*, 306 N.C. 699, 295 S.E.2d 449, 450 (1982) (concluding that after a child celebrates his twelfth birthday, he is no longer "[twelve] or less"); *State v. Maxson*, 54 Ohio St.2d 190, 375 N.E.2d 781, 782 (1978) (holding that "an individual who has passed his or her fifteenth birthday but has not reached his or her sixteenth birthday is 'over fifteen years of age[.]'").

¶ 8 We may resolve doubt surrounding ambiguous statutes by resorting to statutory interpretation. *Hayes v. Cont'l Ins. Co.*, 178 Ariz. 264, 268, 872 P.2d 668, 672 (1994). In attempting to determine and give effect to the legislature's intent, we consider the statute's context, language, subject matter, historical background, spirit, and purpose. *Id.* When a statute is "susceptible to more than one interpretation, the rule of lenity dictates that any doubt should be resolved in favor of the defendant." *State v. Tarango*, 185 Ariz. 208, 210, 914 P.2d 1300, 1302 (1996) (citation omitted). However, we will apply the rule of lenity "only if, after considering the plain language of the statute and employing recognized tools of statutory interpretation, the statute remains ambiguous." *Cicoria v. Cole*, 222 Ariz. 428, 432, ¶ 20, 215 P.3d 402, 406 (App.2009).

### A. Common Use of the Language

¶ 9 It is fundamental that courts must give words in statutes their ordinary meaning un-

---

**3.** *See State v. Jordan*, 528 A.2d 731, 734–35 (R.I.1987) (recognizing that the split of authority regarding the interpretation of designated age "and under" statutory provisions gives some indication that the statutes are ambiguous). Undoubtedly, Arizona's legislature could have expressed its intent for the cutoff age more precisely by saying "under fifteen" or "under sixteen." Instead, the legislature used the language "fifteen years of age or under," which on its face is reasonably susceptible to the alternative meanings suggested by each party here.

less the context or other circumstances suggest a different meaning. *State v. Carter*, 123 Ariz. 524, 525, 601 P.2d 287, 288 (1979); A.R.S. § 1–213 (2002) ("Words and phrases shall be construed according to the common and approved use of the language."). The terms at issue here have not been defined by the legislature.[4] To assist us in construing their intended meaning, we may consider the definitions of respected dictionaries. *Devries v. State*, 221 Ariz. 201, 207, ¶ 21, 211 P.3d 1185, 1191 (App.2009). "Age" is defined generally as a "period of time" or a period of "individual existence." Black's Law Dictionary 66 (8th ed. 2004). "In American usage, age is stated in full years completed (so that someone [fifteen] *years of age* might actually be [fifteen] years and several months old)." *Id.* (emphasis in original). Consistent with this definition, in our view the common usage of the phrase "fifteen years of age or under" includes children who have yet to celebrate their sixteenth birthday. *See Shabazz*, 622 A.2d at 916; *Rusin*, 568 A.2d at 405 (noting that "[a]ccording to common sense and common usage, a child is ten until her eleventh birthday"); *Crain*, 218 P.3d at 939 (recognizing "[a] person's common response to a question about his or her age is to state only the age at the last anniversary of birth" because "[o]ne does not add the additional months and days over that anniversary").

¶ 10 In *Shabazz*, the court found that because "the phrase 'a person [seventeen] years of age or younger' is written in the disjunctive[,]'" the legislature intended to protect children seventeen years of age *and* children who are younger than seventeen. 622 A.2d at 917. The court also noted that "most people state their ages in yearly intervals," and it did not believe the legislature would intend to "depart from the common, everyday meaning of the words used and engage in a metaphysical analysis of the aging process." *Id.* at 916.

¶ 11 Similarly, in analyzing the statute before us, we cannot discern any evidence of legislative intent to depart from the everyday meaning of the words "fifteen years of age or under." Under common usage, we typically refer to the age of a person, other than an infant child, in terms of years, not in months or days. Thus, a person who is fifteen years old is "exactly" that age only at the precise moment he was born fifteen years earlier. He continues to be fifteen years old, however, for almost another year, until his sixteenth birthday. We are unaware of any other common or relevant use of the term "years of age." *See Carlson*, 394 N.W.2d at 674 (finding that "'fourteen years of age' is a temporal condition existing on the [fourteenth] birthday and continuing until the [fifteenth] birthday. Any other construction of 'fourteen years of age' would be a perversion of popular parlance.").

**B. Legislative Background**

¶ 12 Prior to 1970, the predecessor statute to A.R.S. § 13–1204,[5] A.R.S. § 13–245, stated as follows: "A. An assault or battery is aggravated when committed under any of the following circumstances . . . 3. When committed by an adult male upon the person of a female *or child*, or by an adult female upon the person of *a child*." A.R.S. § 13–245 (Supp.1969) (emphasis added). By its plain terms, subsection three was intended to allow a more serious crime, aggravated assault, to be charged if the victim was a child. In 1970, a bill was introduced in the legislature proposing that A.R.S. § 13–245 be modified as follows:

A. An assault or battery is aggravated when committed under any of the following circumstances:

. . .

3. When committed by a male of eighteen years or more upon a female, or by a person of eighteen years or more upon *a child under the age of fifteen*.

---

4. Other than its use in § 13–1204(A)(6), a specified age, along with the phrase "years of age or under," is utilized in only one other statute in Arizona. *See* A.R.S. § 5–331 (2002) (requiring "[a] child twelve years of age or under" on board a watercraft to wear an approved flotation device).

5. Chapter 12 of Title 13 was added to the Arizona Revised Statutes in 1977, and thus A.R.S. § 13–245 was incorporated into § 13–1204. *See* 1977 Ariz. Sess. Laws, ch. 142, § 61 (1st Reg. Sess.).

H.B. 81, 29th Leg., 2d Reg. Sess. (Ariz.1970) (emphasis added).[6] During Committee of the Whole, representatives proposed amending the bill to strike "under," and to instead insert "or under" before the period. Journal of the House of Representatives, 29th Leg., 2d Reg. Sess. 375 (1970). The bill passed the House of Representatives with the proposed amendment and was ultimately signed into law by the Governor. *Id.; see also* 1970 Ariz. Sess. Laws, ch. 58, § 1 (2d Reg. Sess.). Thus, § 13–245 was amended to read:

A. An assault or battery is aggravated when committed under any of the following circumstances:

. . .

3. When committed by a male of eighteen years or more upon a female, or by a person of eighteen years or more upon *a child the age of fifteen years or under.*

1970 Ariz. Sess. Laws, ch. 58, § 1 (2d Reg. Sess.) (emphasis added). We assume the House of Representatives intended to change the intended cutoff age when it voted to approve the amendment to the bill from "under the age of fifteen" to "a child the age of fifteen years or under." *See Lake Havasu City v. Mohave County,* 138 Ariz. 552, 558, 675 P.2d 1371, 1377 (App.1983) ("[W]hen the legislature amends a statute we must presume [it] intended to change existing law rather than perform a futile act."). Had the legislature intended to protect only children less than fifteen years of age, it would have left the proposed wording intact, as the unmodified version clearly did not apply to any child who had reached his fifteenth birthday. *See Shabazz,* 622 A.2d at 917 (concluding that the New Jersey Legislature would have prescribed the statute as "younger than" or "less than" if it actually intended to protect only those children under seventeen years of age).

¶ 13 Additionally, § 13–1204 has been amended numerous times in the past thirty years.[7] The legislature has had ample opportunities to alter the language in § 13–1204(A) to apply only to children who have not yet reached their fifteenth birthday, but it has not done so. Moreover, the legislature has used different language in another section of the statute, supporting the notion that the legislature knows what wording to use to describe a separate age classification. *See* A.R.S. § 13–1204(B) (classifying aggravated assault as a class 2 felony under certain situations involving a child who "is under fifteen years of age"). We presume that the legislature intended that these two provisions be treated differently and that "fifteen years of age or under" describes a different age classification than "under fifteen years." *See Egan v. Fridlund–Horne,* 221 Ariz. 229, 239, ¶ 37, 211 P.3d 1213, 1223 (App.2009) (noting that when the legislature uses different wording within a statutory scheme, presumption exists that it intended to give a different meaning and consequence to that language).

¶ 14 Accepting Munoz's proffered interpretation would yield a result that defies common sense. *See Collins v. State,* 166 Ariz. 409, 415, 803 P.2d 130, 136 (App.1990) ("Statutes must be given a sensible construction which accomplishes the legislative intent behind them and which avoids absurd results."). She would have us find that the legislature intended to impose criminal liability for aggravated assault on a person who assaults a fifteen-year-old child only' on that child's birthday. Even that interpretation would probably be too broad, because if fifteen years of age is tied to an exact moment in time, as Munoz suggests, then a person's exact fifteenth anniversary is measured in increments of seconds, not days. Thus, we

---

6. In 2007, the language was changed to a "child who is fifteen years of age or under." 2007 Ariz. Sess. Laws, ch. 47, § 1 (1st Reg. Sess.).

7. *See, e.g.,* 1973 Ariz. Sess. Laws, ch. 138, § 3 (1st Reg. Sess.); 1973 Ariz. Sess. Laws, ch. 172, § 33 (1st Reg. Sess.); 1980 Ariz. Sess. Laws, ch. 229, § 15 (2d Reg. Sess.); 1984 Ariz. Sess. Laws, ch. 325, § 2 (2d Reg. Sess.); 1985 Ariz. Sess. Laws, ch. 364, § 14 (1st Reg. Sess.); 1990 Ariz. Sess. Laws, ch. 152, § 1 (2d Reg. Sess.); 1991 Ariz. Sess. Laws, ch. 225, § 2 (1st Reg. Sess.); 1994 Ariz. Sess. Laws, ch. 200, § 12 (2d Reg. Sess.); 1995 Ariz. Sess. Laws, ch. 127, § 1 (1st Reg. Sess.); 1996 Ariz. Sess. Laws, ch. 32, § 1 (2d Reg. Sess.); 1999 Ariz. Sess. Laws, ch. 261, § 16 (1st Reg. Sess.); 2001 Ariz. Sess. Laws, ch. 124, § 3 (1st Reg. Sess.); 2005 Ariz. Sess. Laws, ch. 166, § 3 (1st Reg. Sess.); 2007 Ariz. Sess. Laws, ch. 47, § 1 (1st Reg. Sess.); 2008 Ariz. Sess. Laws, ch. 179, § 1 (2d Reg. Sess.); 2008 Ariz. Sess. Laws, ch. 301, § 52 (2d Reg. Sess.).

cannot accept that the legislature intended to include or exclude a fifteen-year-old victim within the scope of the aggravated assault statute on such a hypertechnical basis. *See Carlson*, 394 N.W.2d at 673 (rejecting argument that legislature intended to create a class of persons who would be protected only on their fourteenth birthday because it would then lead to an argument that the statute's protection "does not extend beyond that time on a victim's birthday corresponding with the precise moment at which a victim was born; [the statute] cannot be so honed to deal in nanoseconds of a victim's age"); *see also Trent*, 465 S.E.2d at 264 (finding that it would have been "irrational" for the legislature, in amending the statute, to have "intended that the age eleven ended the day the child reached an eleventh birthday" because such a result would mean the amendment added only one more day to the age of the victim's class, "i.e., the eleventh birthday"); *Crain*, 218 P.3d at 939–40 (concluding that "fifteen years of age" meant under sixteen because "a contrary interpretation would yield an absurd result"; the statute would then "prohibit a defendant from having sexual intercourse with a young girl on her fourteenth birthday but would allow him to do so for the 364 days thereafter until she reache[d] her fifteenth birthday").

¶ 15 Based on these recognized tools of statutory construction, we determine that the *legislative intent* of § 13–1204(A)(6) is unambiguous. The statutory provision includes children who have passed their fifteenth birthday but not yet reached their sixteenth birthday. Therefore, we do not apply the rule of lenity here. *See Cicoria*, 222 Ariz. at 432, ¶ 20, 215 P.3d at 406.

**C. Standard Jury Instructions**

¶ 16 Our interpretation of A.R.S. § 13–1204(A)(6) is consistent with the standard jury instructions that have been used to inform juries of the applicable aggravated assault classifications in Arizona since 1989. *See State v. Feldstein*, 134 Ariz. 129, 130, 654 P.2d 63, 64 (App.1982) (noting that statutory interpretation was consistent with the language found in the Recommended Arizona Jury Instructions ("RAJI")). Under the applicable RAJI, which received qualified approval in 1989 from the Arizona Supreme Court, the crime of aggravated assault, committed against a child, was described as follows: "The assault was aggravated by at least one of the following factors ... [the defendant was eighteen years of age or older and the person assaulted had not reached [his][her] sixteenth birthday]." RAJI Stand. Criminal 12.04.[8]

¶ 17 The current Criminal Revised Arizona Jury Instructions include the following aggravated assault instruction: "The crime of aggravated assault requires proof of the following ... The defendant was eighteen years of age or older and the person assaulted had not reached [his/her] sixteenth birthday[.]" Rev. Ariz. Jury Instr. Stand. Crim. 12.04. Although not indicative of legislative intent, the relevant language of these standard jury instructions, which has remained unchanged for more than twenty years, provides additional support of our statutory interpretation of § 13–1204(A)(6).

**CONCLUSION**

¶ 18 Based on the foregoing, we conclude that the legislature intended to include children who are fifteen but have not yet reached their sixteenth birthday within the scope of the age classification of those victims who are entitled to greater protection under A.R.S. § 13–1204(A)(6). Accordingly, we reverse the superior court's dismissal of the criminal complaint filed against Munoz and remand for further proceedings.

CONCURRING: PATRICK IRVINE, Presiding Judge and DONN KESSLER, Judge.

---

**8.** As of 1996, our supreme court no longer gives qualified approval of jury instructions. *State v. Logan*, 200 Ariz. 564, 566, ¶ 12, 30 P.3d 631, 633 (2001). Instead, the State Bar of Arizona has created standard jury instructions and renamed them the "Revised Arizona Jury Instructions." *Id.*