**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4705-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES C. ALLEN, a/k/a JIMMY,
and JAMES C. ALLEN, JR.,

    Defendant-Appellant.

_____

Submitted June 15, 2020 – Decided June 26, 2020

Before Judges Fisher and Fasciale.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Indictment No. 10-01-0027.

Joseph E. Krakora, Public Defender, attorney for appellant (Anderson David Harkov, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an April 17, 2019 order denying his petition for post-conviction relief (PCR), which challenged his sentence as illegal for failure to award gap-time credit.[1] Without conducting an evidentiary hearing, the PCR judge denied the petition—not squarely on the merits of whether the sentence was illegal for failure to award gap-time credits—but rather by concluding that the petition was time-barred under Rule 3:22-12, that plea counsel was not ineffective for seeking gap-time credits at sentencing, and, determinatively, that the gap-time issue was moot because defendant served his NERA sentence and was on parole by the time he filed the petition.[2] Having considered the legality of the sentence de novo, we reverse.

Defendant first unsuccessfully sought gap-time credit at sentencing. Then, after our Supreme Court denied certification, but before the filing of the

---

[1] In 2013, defendant pled guilty to second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) and received a ten-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. In January 2014, we upheld the conviction on our excessive sentence oral argument calendar, rejecting defendant's sole contention that the sentencing judge double counted aggravating factors, and our Supreme Court denied certification in July 2014. State v. Allen, 218 N.J. 530 (2014). Defendant did not file the petition until he was on parole after serving the NERA portion of his sentence.

[2] Defendant did not challenge the PCR judge's determination that plea counsel rendered effective assistance of counsel by vigorously arguing at sentencing that defendant was entitled to gap-time credit. The effectiveness of plea counsel is not an issue on appeal.

petition, defendant made numerous additional attempts to amend the judgment of conviction (JOC) to include 277 days of gap-time credit. Initially, he succeeded in having the motion judge amend the JOC after a senior probation officer recommended awarding the additional credit. The motion judge then vacated the amended JOC because he entered it without notice to the State. Thereafter, defendant filed multiple motions seeking to correct what he believed was an illegal sentence. The motion judge rejected defendant's contention, denied his motions, and in January 2018, entered an amended JOC reflecting no gap-time credit. Defendant filed his PCR petition in May 2018.

On appeal, defendant argues:

POINT I

THE TIME BAR OF R[ULE] 3:22-12 SHOULD NOT BE APPLIED TO DEFENDANT'S PETITION FOR [PCR] BECAUSE 1) IT DOES NOT APPLY TO AN ILLEGAL SENTENCE, 2) THE JUDGMENT IN QUESTION WAS FILED ON JANUARY 17, 2018, 3) TWO YEARS OF DELAYS WERE DUE TO INEFFICIENCIES IN THE COURT SYSTEM, AND 4) THE [FORTY-DAY] DEADLINE WAS ONLY MISSED BY ONE MONTH[.]

POINT II

DEFENDANT'S SENTENCE WAS ILLEGAL BECAUSE IT FAILED TO ALLOCATE TO HIM THE 277 DAYS OF GAP-TIME HE WAS EN[T]ITLED TO

AND THE [PCR JUDGE] ERRED WHEN [HE] FAILED TO CORRECT THIS ERROR[.]

An argument pertaining to gap-time credit presents questions of the sentence's legality, which may be raised—like here—by filing a PCR petition. See State v. Shabazz, 263 N.J. Super. 246, 251 (App. Div. 1993) (permitting a defendant to challenge a sentence's legality through a PCR petition). Of course, an illegal sentence may be corrected at any time and is not time-barred by Rule 3:22-12. State v. Acevedo, 205 N.J. 40, 47 n.4 (2011).

N.J.S.A. 2C:44-5(b) governs gap-time credit for prison sentences imposed at different times. In particular, the statute addresses situations in which a defendant, "who has previously been sentenced to imprisonment[,] is subsequently sentenced to another term for an offense committed prior to the former sentence, other than an offense committed while in custody." N.J.S.A. 2C:44-5(b)(2) provides: "Whether the [judge] determines that the terms shall run concurrently or consecutively, the defendant shall be credited with time served in imprisonment on the prior sentence in determining the permissible aggregate length of the term or terms remaining to be served[.]" See also State v. Hernandez, 208 N.J. 24, 38 (2011), overruled in part on other grounds, State v. C.H., 228 N.J. 111, 123 (2017).

4

Thus, this statute "awards a defendant who is given two separate sentences on two different dates credit toward the second sentence for the time spent in custody since he or she began serving the first sentence." Ibid. Our Supreme Court has said that a defendant is entitled to gap-time credit when "(1) the defendant has been sentenced previously to a term of imprisonment[;] (2) the defendant is sentenced subsequently to another term[;] and (3) both offenses occurred prior to the imposition of the first sentence." State v. Franklin, 175 N.J. 456, 462 (2003). If the defendant satisfies those requirements, the sentencing judge must award gap-time credit. Booker v. N.J. State Parole Bd., 136 N.J. 257, 261 (1994). The imposition of gap-time credit is not subject to whether a defendant received a NERA sentence or whether it will protect a defendant from parole violations.

The parties and judges involved in this case touched upon whether the requested gap-credit was moot given the NERA sentence. Gap-time credits do not affect a period of parole ineligibility but may otherwise affect the actual date of parole eligibility. Id. at 263-65. Gap-time credits will not reduce the period of parole ineligibility imposed by NERA. See Hernandez, 208 N.J. at 41. But here, the question is not whether the gap-time credit affected defendant's NERA sentence—or for that matter—whether the gap-time credit impacted a potential

5

parole violation while defendant served his three-year period of parole supervision. Instead, the legal issue is whether defendant satisfied the statute's elements and case law. Such a question requires an analysis of the three statutory requirements, which the judge failed to do. In turn, we will perform this analysis as our review is de novo.

First, it is undisputed that defendant has been sentenced "previously to a term of imprisonment." Franklin, 175 N.J. at 462. That is, he committed a separate weapons offense and received an eighteen-month sentence commencing on November 7, 2008. He served 277 days—from November 7, 2008 to May 1, 2010, the date he was released from prison for the weapons conviction. Thus, he met the first statutory requirement.

Second, it is also clear that defendant was "sentenced subsequently to another term." Ibid. On January 21, 2010, the State charged defendant with first-degree attempted murder, N.J.S.A. 2C:5-l(a)(l) and N.J.S.A. 2C:11-3; second-degree aggravated assault, N.J.S.A. 2C:12-l(b)(l); and third-degree endangering an injured victim, N.J.S.A. 2C:12-l.2(a). He pled guilty to the aggravated assault charge, and on March 28, 2013, defendant received a ten-year prison term, subject to NERA. Thus, he met the second statutory requirement.

Third, "both offenses occurred prior to the imposition of the first sentence." Ibid. That is, the weapons offense occurred before November 7, 2008. The aggravated assault occurred either on November 7, 2008 (before the judge sentenced him on the weapons charge), or before November 7, 2008. Although police did not arrest defendant for committing the aggravated assault until July 2009, it is undisputed that the aggravated assault "occurred prior to the imposition of the first sentence." Ibid. Thus, defendant satisfied the third statutory requirement.

Accordingly, under N.J.S.A. 2C:44-5(b), defendant's sentence was illegal because he was entitled to 277 days of gap-time credit from November 7, 2008 to May 1, 2010. The questions of what impact the gap credit may have had on his release date—if any—and whether the gap credit will affect any subsequent parole violation is not before us and are not relevant factors under the statute.

Reversed and remanded. We direct that the judge enter an amended JOC reflecting defendant is entitled to 277 days in gap-time credit from November 7, 2008 to May 1, 2010. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4705-18T2