IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

TRAVIS LANCE DARRAH, *Petitioner*,

*v.*

THE HONORABLE CRANE MCCLENNEN, Judge of the SUPERIOR
COURT OF THE STATE OF ARIZONA, in and for the County of
MARICOPA, *Respondent Judge*,

CITY OF MESA PROSECUTOR'S OFFICE, *Real Party in Interest*.

No. 1 CA-SA 14-0054
FILED 10-21-2014

Petition for Special Action from the Superior Court in Maricopa County
No.  LC2013-000517-001 DT
The Honorable Crane McClennen, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

John P. Tatz Attorney at Law PC, Glendale
By John P. Tatz
*Counsel for Petitioner*

Mesa City Prosecutor's Office, Mesa
By W. Craig Jones
*Counsel for Real Party in Interest*

---

**OPINION**

Judge Michael J. Brown delivered the decision of the Court, in which Judge Margaret H. Downie joined and Presiding Judge Kent E. Cattani specially concurred.

---

**B R O W N**, Judge:

¶1        The narrow question before us is whether Arizona's Medical Marijuana Act ("AMMA") prohibits the State from prosecuting an authorized marijuana user for driving under the influence ("DUI") pursuant to Arizona Revised Statutes ("A.R.S.") section 28-1381(A)(3), which criminalizes driving while there is any prohibited drug or its metabolite in a person's body.  For the reasons set forth below, we conclude that the AMMA does not give an authorized medical marijuana user immunity from prosecution.

¶2        In December 2011, Travis Lance Darrah was charged with two counts of DUI in violation of A.R.S. § 28-1381—one based on impairment under subsection (A)(1), and the other based on the presence of marijuana or its metabolite under subsection (A)(3).[1]  It is uncontested that Darrah was an authorized medical marijuana user at the time of his arrest and a test

---

[1]        Section 28-1381 provides as follows, in relevant part:

A.      It is unlawful for a person to drive or be in actual physical control of a vehicle in this state under any of the following circumstances:

1.      While under the influence of intoxicating liquor, any drug, a vapor releasing substance containing a toxic substance or any combination of liquor, drugs or vapor releasing substances if the person is impaired to the slightest degree.

. . . .

3.      While there is any drug defined in § 13-3401 or its metabolite in the person's body.

2

taken after his arrest revealed that Darrah's blood contained 4.0 ng/ml of delta-9-tetrahydrocannabinol ("THC"), which is an active component of marijuana.

**¶3**          Prior to trial in the municipal court, Darrah requested dismissal of the (A)(3) charge based on his position that A.R.S. § 36-2802(D), a provision of the AMMA, only permits prosecution of an authorized marijuana user under § 28-1381(A)(1).   The municipal court denied Darrah's request and then granted the State's motion in limine to preclude evidence that Darrah possessed a medical marijuana card at the time of the offenses, finding that such evidence was not relevant to either charge.

**¶4**          A jury acquitted Darrah of the (A)(1) charge, but found him guilty under § 28-1381(A)(3).   On appeal, the superior court affirmed. Darrah now seeks review by this court because he has no further right of direct appeal.   A.R.S. § 22-375(B).   Thus, special action review is his only available remedy.   *See* Ariz. R.P. Spec. Act. 1(a) (stating special action jurisdiction is available absent "an equally plain, speedy, and adequate remedy by appeal").   In the exercise of our discretion, we accept review.   *See Cicoria v. Cole*, 222 Ariz. 428, 430, ¶ 9, 215 P.3d 402, 404 (App. 2009).

**¶5**          Darrah argues that his DUI conviction should be set aside based on § 36-2802(D), which provides as follows:

> This chapter does not authorize any person to engage in, and does not prevent the imposition of any civil, criminal or other penalties for engaging in, the following conduct:
>
> . . . .
>
> D.  Operating, navigating or being in actual physical control of any motor vehicle, aircraft or motorboat while under the influence of marijuana, *except that a registered qualifying patient shall not be considered to be under the influence of marijuana solely because of the presence of metabolites or components of marijuana that appear in insufficient concentration to cause impairment.*

(Emphasis added.)  Darrah asserts that this provision manifests the intent of the AMMA to make all authorized medical marijuana users immune from prosecution unless they drive while impaired.  Specifically, he argues that under § 36-2802(D), a registered qualifying patient is subject to prosecution only under § 28-1381(A)(1), which requires the State to prove a person was driving while impaired to the slightest degree.   Darrah therefore concludes that a qualified patient is immune from prosecution

under § 28-1381(A)(3), which bans a person from driving while there is any drug or its metabolite in the person's body. *See* A.R.S. § 36-2801(13) (defining "qualifying patient").

¶6 Nothing in the plain language of § 36-2802(D), or elsewhere in the AMMA, supports Darrah's interpretation of the statute. *See Cave Creek Unified Sch. Dist. v. Ducey*, 233 Ariz. 1, 6-7, ¶ 21, 308 P.3d 1152, 1157-58 (2013) (explaining that we interpret a voter-approved measure "to effect the intent of the electorate that adopted it," and, in doing so, we interpret the words used according to their "natural, obvious and ordinary meaning") (internal quotation omitted). If Arizona voters had intended to completely bar the State from prosecuting authorized marijuana users under § 28-1381(A)(3), they could have easily done so by using specific language to that effect. *Cf.* A.R.S. § 36-2811(B) (immunizing a registered qualifying patient or registered designated caregiver from "arrest, prosecution or penalty in any manner" for possessing an allowable amount of marijuana), (C) (immunizing a physician from "arrest, prosecution or penalty" for issuing a written certification that a patient is likely to benefit from the use of medical marijuana), (D) (immunizing any person from "arrest, prosecution or penalty in any manner" for being in the "presence or vicinity of medical marijuana"), (F) (immunizing a medical marijuana dispensary agent from "arrest, prosecution, search, seizure or penalty in any manner" for possessing or dispensing marijuana or related supplies to qualifying patients or registered designated caregivers). In the absence of such specific wording, we will not presume the electorate intended otherwise.

¶7 Moreover, accepting Darrah's interpretation would directly contravene *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 345-46, 347, ¶¶ 16, 24, 322 P.3d 160, 162-63, 164 (2014). In *Harris*, the defendant was prosecuted for DUI under § 28-1381(A)(3) based on testing results indicating only the presence of an inactive marijuana metabolite. 234 Ariz. at 343, ¶ 1, 322 P.3d at 160. Our supreme court held that a "non-impairing" metabolite of marijuana is not a "proscribed drug" listed in A.R.S. § 13-3401 and therefore its presence in a person's body cannot support a conviction for DUI pursuant to A.R.S. § 28-1381(A)(3). *Harris*, 234 Ariz. at 347, ¶ 24, 322 P.3d at 164. In reaching this conclusion, the court explained that the AMMA legalizes marijuana for medicinal purposes, but "[d]espite the legality of such use[,] prosecutors can charge legal users under the (A)(3) provision" because that statute "does not require the State to prove that the marijuana was illegally ingested[.]" *Id.* at 346-47, ¶ 16, 322 P.3d at 163-64.

Consistent with *Harris*, the AMMA does not operate as a bar to Darrah's prosecution for DUI under A.R.S. § 28-1381(A)(3).[2]

¶8  Darrah has raised no other issues in this special action and thus we decline to express any opinion as to the existence of a carve-out exception as addressed by the special concurrence. Because the superior court properly affirmed Darrah's DUI conviction and sentence, we accept jurisdiction and deny relief.

**C A T T A N I**, Judge, Specially Concurring:

¶9  I concur with the decision to deny relief and uphold Darrah's conviction and sentence. I write separately, however, because I disagree that the carve-out provision of Arizona's Medical Marijuana Act ("AMMA") (A.R.S. § 36-2802(D)) can never operate as a bar to a driving under the influence prosecution under A.R.S. § 28-1381(A)(3). I also disagree that the Arizona Supreme Court's decision in *State ex rel. Montgomery v. Harris*, 234 Ariz. 343, 322 P.3d 160 (2014), is controlling regarding whether someone who is a "registered qualifying patient" under the AMMA can be convicted under § 28-1381(A)(3) if the amount of marijuana or marijuana metabolite in the driver's bloodstream was in insufficient concentration to cause impairment.

¶10  Under A.R.S. § 36-2801, marijuana use is authorized under certain circumstances. A.R.S. § 36-2802 expressly prohibits, however, driving while under the influence of marijuana, except that under § 36-2802(D), an authorized medical marijuana user "shall not be considered to be under the influence of marijuana solely because of the presence of

---

[2]  In his petition, Darrah also asserts that the municipal court erred by precluding him from asserting an affirmative defense under A.R.S. § 28-1381(D), which prohibits a DUI conviction under § 28-1381(A)(3) (drug or its metabolite) based on drug use "as prescribed by a medical practitioner licensed pursuant to title 32, chapter 7, 11, 13 or 17." But Darrah's counsel conceded that issue at oral argument, acknowledging that Darrah's certification for marijuana use was from a doctor of naturopathic medicine, that such doctors are not licensed under Title 32, Chapter 7 (podiatrist), 11 (dentist), 13 (medical doctor), or 17 (osteopath), and therefore they do not meet the requirements for issuing a qualifying certification under § 28-1381(D).

metabolites or components in insufficient concentration to cause impairment."

¶11 The Majority correctly notes that in *Harris*, the Arizona Supreme Court referenced the AMMA, but nevertheless stated that "[the § 28-1381] (A)(3) charge establishes that a driver who tests positive for any amount of an impairing drug is legally and irrefutably presumed to be under the influence." 234 Ariz. at 347, ¶ 22, 322 P.3d at 164. And the *Harris* court further noted that marijuana users "violate (A)(3) if they are discovered with any amount of THC or an impairing metabolite in their body." *Id*. at 347, ¶ 24, 322 P.3d at 164.

¶12 But unlike Darrah, the defendant in *Harris* was not an authorized marijuana user under the AMMA. The Arizona Supreme Court thus did not squarely address the carve-out exception for authorized users under § 36-2802(D). Under this carve-out exception, in my view, an authorized user cannot be convicted under § 28-1381(A)(3) if he or she establishes that the amount of THC or marijuana metabolite in the blood was in insufficient concentration to cause impairment.

¶13 I concur in the result in this case, however, because Darrah did not make such a showing. The City presented testimony from a criminalist who indicated that Darrah's blood contained 4.0 ng/ml of delta-9-tetrahydrocannabinol (THC) and 47 ng/ml of 11-nor-delta-9-tetrahydrocannabinol-9-carboxylic acid (carboxy THC), which the criminalist defined as marijuana and a marijuana metabolite. Although the criminalist agreed that carboxy THC is not psychoactive, she testified that THC itself is psychoactive and can cause impairment, noting in particular that 4.0 ng/ml "could possibly" cause impairment.

¶14 The criminalist testified that there is no consensus or agreement within the scientific community regarding the amount of THC in a person's body that would always indicate impairment. The criminalist

acknowledged, however, studies suggesting impairment at a level of 5 ng/ml of THC, with "possible" impairment at levels between 2 and 5 ng/ml.[3]

**¶15**     Darrah did not present contrary expert testimony or otherwise establish that 4.0 ng/ml is an insufficient concentration to cause impairment. Because A.R.S. § 36-2802(D) provides a safe harbor only for someone with marijuana components or metabolites in insufficient concentration to cause impairment, this provision does not preclude Darrah's conviction and sentence.

---

[3]     Based on this testimony, *Harris* notwithstanding, in my view, an authorized marijuana user with less than 2 ng/ml of THC in the blood should not be convicted of driving under the influence under § 28-1381(A)(3).

Notably, other states that also authorize marijuana use have adopted 5 ng/ml of marijuana in the bloodstream as a standard for determining impairment under statutes similar to A.R.S. § 28-1381(A)(3). In Washington, "[a] person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state: [when] [t]he person has, within two hours after driving, a THC concentration of 5.00 or higher as shown by analysis of the person's blood [as measured in ng/ml of whole blood]." Wash. Rev. Code. § 46.61.502(1)(b). In Colorado, "[i]f at such time the driver's blood contained five nanograms or more of delta 9-tetrahydrocannabinol per milliliter in whole blood, as shown by analysis of the defendant's blood, such fact gives rise to a permissible inference that the defendant was under the influence of one or more drugs." Colo. Rev. Stat. § 42-4-1301(6)(a)(IV). Unless and until Arizona adopts a more specific standard, from my perspective, a factfinder addressing charges of DUI under A.R.S. § 28-1381(A)(3) based on the presence of marijuana or its metabolite in an authorized marijuana user's blood must rely on evidence (presumably from experts) regarding whether a specific concentration of marijuana in the blood is insufficient to cause impairment.

¶16   In sum, in my view, the § 36-2802(D) carve-out exception applies for authorized marijuana users accused of DUI. But because Darrah did not establish that the concentration of THC in his blood was insufficient to cause impairment, I agree that the carve-out exception does not apply in this case, and Darrah's conviction and sentence should be upheld.



Ruth A. Willingham · Clerk of the Court
F I L E D : gsh